## JIM LINTON V. THE STATE.

No. 10301.   Delivered February 16, 1926.

**1.—Rape—Remarks of Trial Court—Held Reversible Error.**

Where, on a trial for rape, appellant objected to a statement of the prosecuting attorney that had not been given in evidence, and of a material character, the trial judge stated to the jury that the matter complained of had in fact been testified to by the prosecutrix, this error requires a reversal of the case.

**2.—Same—Continued.**

The law contemplates that the trial judge shall maintain an attitude of impartiality throughout the trial. Jurors are prone to seize with alacrity upon any conduct or language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence, or the merits of the issue involved, and trial judges should studiously avoid any comments or other indications of the opinion of the court of the evidence before the jury. See Lagrone v. State, 84 Tex. Crim. Rep. 609; English v. State, 85 Tex. Crim. Rep. 450.

**3.—Same—Bill of Exception—Incomplete—No Error Shown.**

A bill of exceptions, to be considered on appeal, should state the grounds of the objection to the matter complained of, and where a bill fails to state any grounds of objection, same will not be considered by this court.

Appeal from the District Court of Jefferson County.   Tried below before the Hon. George C. O'Brien, Judge.

Appeal from a conviction of rape, penalty twenty-five years in the penitentiary.

The opinion states the case.

*Albert Reagan, D. M. Lord* and *John T. Kitching* of Beaumont, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of rape and his punishment fixed at twenty-five years in the penitentiary.

The appellant, together with several of his small children and the prosecutrix, Alma Cushion, a little girl eleven years of age, went for a ride in appellant's automobile late in the evening.   They drove some distance from their home down between what is known as the coast-guard and the jetties.   Appellant stopped the car and instructed all the children except the prose-

cutrix to get out, telling prosecutrix to remain in the car, as he had something to tell her. While prosecutrix was in the car and in the absence of the other children, it is alleged that appellant had intercourse with the prosecutrix. In view of the disposition of this case, this is a sufficient statement of the facts.

Bill of exceptions No. 1 complains of the action of the trial court in permitting the County Attorney in his opening and closing arguments to argue that appellant told prosecutrix not to tell that she had been ravished because her parents would whip her, to which the appellant objected and requested the court to instruct the jury not to consider such remarks and arguments for any purpose at all; that the court overruled said objection and at the same time stated in the presence and hearing of the jury that the prosecutrix "had testified that the defendant had told her not to tell the fact that she had been ravished because her parents would whip her." This bill further discloses and the record also discloses that the appellant never at any time told prosecutrix that if she informed her parents of the fact that she had been ravished they would whip her. In making the statement complained of, the learned trial judge fell into error.

Trial judges should be very guarded in their verbal statements or comments upon the testimony to and in the presence and hearing of the jury, in order to avoid impressing the jury with the idea that the court entertained any impression of the case which he wished them to know and putting before them matters which should not enter into or affect their deliberation. This statement of the learned trial judge was clearly a comment upon the weight of the testimony on a material inquiry. This court, in the case of Lagrone v. State, 84 Tex. Crim. Rep. 609, in passing upon a question similar to the one in the instant case, says: "The law contemplates that the trial judge shall maintain an attitude of impartiality throughout the trial. Jurors are prone to seize with alacrity upon any conduct or language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues involved. The delicacy of the situation in which he is placed requires that he be alert in his communications with the jury not only to avoid impressing them with any view that he has, but to avoid in any manner and speech things that they may so interpret." We are unable to say that the remarks of the learned trial judge, in the light of the facts and circumstances in this case, were not harmful to the appellant. English v. State, 85 Tex. Crim. Rep. 450, and authorities therein cited.

Bills of exceptions Nos. 2, 3, 4, 5, 6, 7 and 8, as qualified by the judge, present no error.

Bill of exceptions No. 9 is not signed by the trial judge and therefore cannot be considered by this court.

Bill of exceptions No. 10 complains of the admission of certain testimony of the witness Oscar Linton and also complains that the County Attorney was permitted to impeach said witness with the witness' evidence given while in the grand jury room. This bill fails to state any grounds of objection, hence, under the holdings of this court, cannot be considered.

For the errors pointed out above, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.