## CARLTON A. STEADMAN V. THE STATE.

No. 23817. Delivered December 17, 1947.

*Culwell & Culwell,* of Amarillo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

In the indictment herein, it is alleged that appellant, on or about September 11, 1946, did commit the offense of robbery by assault upon one, Dick Strout, and did thereby take from Strout $60.00 in money, etc. Upon his conviction therefor, he was awarded a penalty of five years in the penitentiary from which he appeals.

Bills Nos. 1 and 2 complain because of the action of the trial court in the matter of the selection of the jury as follows: It seems that under the statute, Potter County is under the jury wheel system relative to the selection of jurors for the trial of cases. There seemed to have been present a regular selected petit jury, and upon both sides having exercised such challenges as they deemed proper, only ten jurors had been selected. At this point, the trial court directed two deputy sheriffs to each to go out and bring in three talesmen from whom the jury would be completed. At that time appellant presented to the court the following motion:

"Now comes the defendant in the above cause and moves the

court to draw the names from the wheel to fill the panel and complete the selection of the jury in this cause."

This motion was denied by the court and eventually three of these sheriff-selected talesmen were used on the jury which tried the appellant. However, two of the regular jury panel were later discovered not to have been present at the time the first ten were selected, and these two, together with the six talesmen brought in by sheriffs were presented, and one of the first ten jurors becoming ill, he was excused and eventually three of the talesmen and nine of the regular panel constituted the jury herein.

Chapter 229, Acts of the 49th Legislature, Regular Session, (1945) Art. 2118, provides as follows:

"Article 2118. On Monday, or other day, of each Court week, when a jury has been summoned and there are jury trials, the Court shall select a sufficient number of qualified jurors, in his discretion, to serve as jurors for the week. Such jurors shall be selected from the names included in the jury list for the week, if there be the requisite number of such in attendance who are not excused by the Court, but if such number be not in attendance at any time, the Court shall direct the sheriff to summon a sufficient number of qualified men to make up the requisite number of jurors, provided that in counties governed by the jury wheel law, sufficient names of qualified jurors, whom the sheriff will summon, shall be drawn from the jury wheel for the jury trials in the district and county Courts, under order of the Court, to fill the panel for the week, unless the parties in any cause, in writing duly filed, or by stipulation in open Court noted of record, waive the said use of the jury wheel, and all said extra jurors summoned in either way shall be discharged when their services are no longer needed. The Court may adjourn the whole number of jurors for the week or any part thereof, to any subsequent day of the term, but the jurors shall not be paid for the time they may stand adjournment."

It is our construction of this statute that in the event of an exhaustion of the regular jury panel, if the trial be had in a county operating under the jury wheel system, and additional prospective jurors are needed, they should be jurors whose names have been taken from the jury wheel as is provided by law for the operation of such jury wheel. These additional jurors in Potter County should have been taken from the jury wheel and not selected by the sheriff as was done in the present instance.

There are other matters in the record that need not be written upon as they doubtless will not occur again in the event of another trial.

For the error in the selection of the jury hereinabove discussed, the judgment will be reversed and the cause remanded.