## Rudy Coy v. State

No. 27,957. February 29, 1956.
State's Motion for Rehearing Denied
(Without Written Opinion) April 18, 1956.

*Schlesinger, Goodstein* and *Semaan,* by *Lionel Goodstein,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *Roy R. Barrera,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense is murder; the punishment, ten years' confinement in the penitentiary.

In this case, Bexar County being a jury wheel county, the list of jurors drawn from the jury wheel for jury service during the particular week the case was tried was exhausted without a jury having been obtained.

The jury was completed from talesmen summoned by the sheriff, at the order of the court (Art. 596, C.C.P.).

The appellant objected to such procedure and insisted that the jury should have been completed from the names of jurors drawn from the jury wheel.

The question presented for our determination, then, may be stated as follows:

In Bexar County, when the list of jurors selected for the week has been exhausted without a jury being selected in a capital felony, may the jury be completed from talesmen summoned by the sheriff, over the objection and without the consent of the accused?

The answer to that question lies, primarily, in the construction to be given to Art. 601a, V.A.C.C.P., which reads as follows:

"Special venire in counties having city of 231,500.

"In counties having therein a city of at least two hundred and thirty-one thousand, five hundred (231,500) population as shown by the last preceding Federal Census, the Judge of the Court having jurisdiction of a capital case in which a motion for a special venire has been made, shall grant, or refuse such motion for a special venire and upon such refusal require the case to be tried by the regular juror summoned for service, and

such additional talesmen as may be ordered by the Court, in the Courts of such county where as many as one hundred (100) jurors have been summoned in such county for regular service for the week in which such capital case is set for trial, but the Clerk of such Court shall furnish the defendant or his counsel a list of the persons summoned for jury service for such work upon application therefor, and it is further provided that all laws and parts of laws in conflict with the provisions of this bill be and the same are hereby repealed to the extent of such conflict only."

By that statute the legislature abolished the right of either party in a capital felony to demand a special venire in such county.

In lieu of a special venire, the jury was to be obtained from the "regular jurors summoned for service, and such additional talesmen as may be ordered by the Court." The regular jurors, there mentioned, were those provided by and drawn from the jury wheel.

The trend of legislation in this state has been both constant in not giving approbation to and determined to do away with the selection of juries from jurors selected by the sheriff and commonly called "pickups." Such is evidenced, primarily, by our jury wheel laws (Chap. 7 of Title 42, R.C.S.).

We note in Art. 2101, R.C.S., that the legislature, in counties to which the interchangeable jury law applies, expressly provides:

"In the event of a deficiency of said jurors at any time to meet the requirement of all said courts, the judge having control of said general panel for the week shall order such additional jurors to be drawn from the wheel as may be sufficient to meet such emergency . . . "

Such language must, of necessity, be given the construction that the legislature was prohibiting jury selection from pickups under the interchangeable jury law.

In Art. 2118, R.C.S., the legislature again made it clear that in counties using the jury wheel system for obtaining juries when additional jurors are necessary in order to complete the panel they be drawn from the jury wheel and not selected by the sheriff.

In Steadman v. State, 151 Tex. Cr. R. 226, 206 S.W. 2d 597, we expressly upheld that statute and there held that "if the trial be had in a county operating under the jury wheel system, and additional prospective jurors are needed, they should be jurors whose names have been taken from the jury wheel as is provided by law for the operation of such jury wheel."

It is true that the Steadman case involved a conviction in an ordinary felony, while the instant case is a capital felony.

We are unable to conclude that such difference renders the Steadman case uncontrolling here. To the contrary, it appears to be directly applicable, in view of the fact that in Bexar County the right to demand a special venire in capital cases has been abolished. This, of necessity, places capital cases upon the same footing as ordinary felony cases, so far as is concerned the source from which the prospective jurors are to be selected in that county.

We are constrained, therefore, to conclude that the appellant's objection to completion of the jury from talesmen selected by the sheriff should have been sustained.

For the reason pointed out, the judgment is reversed and the cause is remanded.

WOODLEY, Judge (dissenting).

There is no claim or contention that any objectionable juror was summoned or served on the jury, and there is no showing as to whether or not the peremptory challenges allowed appellant and the state were exhausted by either. No effort was made by attachment or otherwise to have the absent jurors brought in. Admittedly the central jury panel was exhausted.

In the Steadman case, cited in the majority opinion, the defendant was on trial for an offense less than capital, and the formation of the jury was governed by Title 8, Chapter 4, of the Code of Criminal Procedure, Art. 626 C.C.P. not being applicable.

Under the applicable statutes, challenges could be required though only 12 names remained on the list, and such challenges were made by striking or erasing the name of the juror challenged or set aside from the list. Arts. 629 to 638 C.C.P.

Article 638 C.C.P. deals with the completion of the jury in the event the required number do not remain on the list. It provides that when, by peremptory challenges, the jury is left incomplete, the court shall direct other jurors "to be drawn or summoned" to complete the jury.

Under these statutes, this court held in the Steadman case that Art. 2118 R.C.S. required that the "other jurors" necessary to complete the jury should have been drawn from the wheel.

It would appear that we failed in the Steadman case to distinguish between the completion of a particular jury, after a number have been selected, and the completion or filling of the panel from which a jury is to be drawn. The reason for the rule as applied in the Steadman case disappears where a full list of jurors from which the jury may be completed is required such as by Art. 626 C.C.P., applicable in Bexar County.

In the case before us the jury was selected pursuant to the procedure provided in Title 8, Chapter 4 of the Code of Criminal Procedure. Ten jurors were selected and sworn and there were no more jurors in the central panel, the list of jurors drawn from the jury wheel for service during the week having been exhausted.

I cannot agree that the legislature intended that jurors sworn to try a capital felony should be held together until the judge in charge of the general panel, if he is available, orders additional jurors drawn from the wheel and while the sheriff seeks out these particular jurors.

It is my view that the term "and such additional talesmen as may be ordered by the court," as used in Art. 601a V.A.C.C.P., means that where 100 or more jurors are drawn as regular jurors for the week, the list so drawn from the wheel may be substituted for the venire list authorized by Art. 591 V.A.C.C.P. and, in the event such list is exhausted and the jury is not complete, the court may order talesmen to be summoned by the sheriff from which to complete the jury, in the manner provided in Art. 596 V.A.C.C.P., which reads as follows:

"Art 596. Ordering talesmen.

"On failure from any cause to select a jury from those sum-

moned upon the special venire, the court shall order the sheriff to summon any number of men that it may deem advisable, for the formation of the jury."