

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 19, 1961

Honorable Guilford L. Jones          Opinion No. WW-1143
District Attorney
County Courthouse                    Re: Whether in a jury wheel
Big Spring, Texas                         county, where the court
                                          has granted a motion for
                                          a special venire in a
                                          capital case, and where
                                          the venire as drawn from
                                          the wheel, is exhausted,
                                          additional veniremen are
                                          drawn from the wheel, or
                                          are summoned as talesmen
Dear Mr. Jones:                           by the sheriff?

        Your request for the opinion of this office reads in
part as follows:

        "In a jury wheel county, where the court had
    granted a motion for a special venire in a capital
    case, and where the venire as drawn from the wheel,
    is exhausted, are additional veniremen drawn from
    the wheel, or are they summoned as talesmen by the
    sheriff?

        "This case seems to be governed by Article 596
    C.C.P.  It is the opinion of the undersigned that
    the words 'and upon such refusal' in Article 601-A
    limits this Statute in its application to those
    cases where the court has refused a motion for
    special venire.

        "In Coy v. State 288 SW2d 782, the court held
    that additional veniremen should have been drawn
    from the wheel.  In Moon v. State 331 SW2d 312,
    the court indicates that Coy is no longer the law
    and that 601-A now requires talesmen to be selected
    by the sheriff."

        Article 601-A, V.C.C.P., was amended in Chapter 327, Acts
of the 55th Legislature, R.S., 1957.

It now reads as follows:

"In all counties of this State where jurors
in either civil or criminal cases are drawn from
a jury wheel as is now provided or may hereafter
be provided by law and where as many as one
hundred (100) jurors have been summoned in such
county for regular service for the week in which
such capital case is set for trial, the Judge of
the Court having jurisdiction of a capital case
in which a motion for a special venire has been
made, shall grant or refuse such motion for a
special venire and upon such refusal require the
case to be tried by regular jurors summoned for
service in such county for regular service for
the week in which such capital case is set for
trial and such additional talesmen as may be
summoned by the Sheriff upon order of the Court
as provided in Article 596 of the Code of
Criminal Procedure, but the Clerk of such Court
shall furnish the defendant or his counsel a list
of the persons summoned for jury service for such
week upon application therefor."

The amendatory Act in 1957 recited in finding that an
emergency existed:

"The fact that confusion exists over the
proper method of selecting jurors in capital
criminal cases and the need for this legislation
for the speedy administration of justice create
an emergency. . ."

Article 596, V.C.C.P., reads as follows:

"On failure from any cause to select a jury
from those summoned upon the special venire, the
court shall order the sheriff to summon any number
of men that it may deem advisable, for the for-
mation of the jury."

If a special venire is exhausted, the Sheriff is to be
sent for talesmen.  Art. 596, V.C.C.P.

If a special venire is refused, in a county to which
Article 601-A, V.C.C.P. applies, the jury shall be chosen from
among the:

". . . regular jurors summoned for service in

such county for regular service for the week
in which such capital case is set for trial
. . ."

If these jurors are exhausted, Art. 601-A, V.C.C.P.
provides that talesmen shall be summoned as provided in Art.
596 V.C.C.P.

It follows that in a capital case in a jury wheel
county, when the first panel of jurors is exhausted, whether
drawn as a special venire or from regular sources, the procedure
to be followed is as set forth in Art. 596, that is, that the
sheriff should summon such additional talesmen as are needed
to complete the jury. Moon v. State, 331 S.W.2d 312 (Tex.Crim.
1960.)

### SUMMARY

In a jury wheel county, where the court has
granted a motion for a special venire in a
capital case, and where the venire as drawn
from the wheel, is exhausted, additional venire-
men are to be summoned as talesmen by the sheriff.

Sincerely yours,

WILL WILSON
Attorney General of Texas

By John E. Leonarz
John E. Leonarz
Assistant Attorney General

JEL/br

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Riley Eugene Fletcher
J. C. Davis
Sam Wilson
Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL
By: Houghton Brownlee