**Jimmy Placido CHAVEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39677.**

Court of Criminal Appeals of Texas.

Oct. 12, 1966.

Rehearing Denied Nov. 30, 1966.

Gilbert K. Howard, Amarillo, for appellant.

Dee D. Miller, Dist. Atty., Bob D. Slough, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Judge.

The offense is rape; the punishment, death.

Represented by able counsel whose experience included service as district attorney of the district where the indictment was returned and the case was called for trial, appellant pleaded guilty and a jury was selected to assess his punishment.

The evidence shows that the victim, an eight year old girl, was discovered missing and the police were notified.

Police Officer Vaughn arrived about 9 P.M. with a dog. The dog picked up a track beside the house and followed it down an alley into a vacant lot where Officer Vaughn found appellant on top of the child and pushed him off with his foot.

Appellant's pants were down around his knees and his privates were exposed and were bloody, as were the front of his clothes. The child's pants were off and her lower parts and the back of her dress were bloody.

An examination of the child at the hospital revealed "a severe vaginal laceration * * * a third degree tear such as comes from child birth." Her vagina was full of blood.

As a witness in his own behalf, appellant testified that he had been drinking and he admitted his guilt. He further testified that he had received a probated sentence of three years a few months earlier, upon his plea of guilty to attempted burglary, and that he was drinking when he committed that offense.

The grounds upon which reversal is sought relate to the summoning of talesmen from which to complete the jury after the panel was exhausted.

Trial was had and notice of appeal was given prior to the effective date of the present Code of Criminal Procedure.

There was no special venire and no motion or request for such.

The regular panel drawn from the jury wheel having been exhausted, the sheriff was instructed to summon talesmen and the jury was completed from those summoned.

It is contended by appellant that additional jurors should have been drawn from the jury wheel because less than 100 of the jurors drawn from the jury wheel as jurors for the week were summoned.

In view of the fact that the statutory method for completing the jury in a criminal case when the panel is exhausted has been rewritten, it would serve no useful

purpose to now revisit Coy v. State, 163 Tex.Cr.R. 58, 288 S.W.2d 782, wherein the writer dissented.

It is clear that prior to January 1, 1966, under Art. 601–A Vernon's Ann.C.C.P. as amended after Coy, a capital case could be tried "by regular jurors summoned for service in such county for regular service for the week in which such capital case is set for trial *and such additional talesmen as may be summoned by the sheriff upon order of the Court as provided in Article 596 of the Code of Criminal Procedure * * *"* which Art. 596 C.C.P. provides:

"On failure from any cause to select a jury from those summoned upon the special venire, the court shall order the sheriff to summon any number of men that it may deem advisable, for the formation of the jury."

Johnson v. State, 167 Tex.Cr.R. 289, 319 S.W.2d 720; Martinez v. State, 168 Tex. Cr.R. 18, 322 S.W.2d 635; Moon v. State, 169 Tex.Cr.R. 14, 331 S.W.2d 312.

Appellant contends that such statutes and authorities are not here applicable because, although more than 100 jurors were drawn from the jury wheel for regular service for the week, less than 100 of those drawn had been "summoned".

■ The term "have been summoned" as used in Art. 601–A C.C.P. does not mean jurors who have received notice requiring them to appear.

The Pennsylvania Courts have said, in this regard:

"The venire issued by the court is a summons and he becomes a juror the moment his name is dropped from the jury wheel. He is then a juror summoned, by authority of the court, for jury duty. It is true that the law provides a method by which the jurors are notified that they are chosen, but this is but a provision showing how the juror shall be notified,

and at that not an exclusive method. * * * When the juror's name is dropped from the wheel and he is thus chosen with others for jury service, he is a summoned juror as that term is used in the statute defining embracery. He has not been served as required by statute but he has been summoned."

Com. v. Wiswesser, 134 Pa.Super. 488, 3 A.2d 983, 985.

There is ample procedure for obtaining the appearance of a juror whose name has been drawn from the jury wheel.

■ Be this as it may, the record does not support the contention that less than 100 of the 107 jurors drawn from the jury wheel for regular service for the week were given notice to appear.

Appellant moved for mistrial after two jurors had been selected and the court had instructed the sheriff to summon talesmen, upon the ground that such talesmen should be selected by the use of the jury wheel.

The district attorney suggested that the record should reflect "the exact number of jurors actually summoned" and the court, in overruling the motion for a mistrial, stated: "Yes, the record will reflect there were 110 jurors summoned through use of the jury wheel; that no demand for a special venire was made and therefore the regular panel for the week was used * * *."

The motion for mistrial was renewed after appellant's peremptory challenges had been exhausted and again after he had exercised five additional challenges allowed him by the court and the jury was completed.

To refute the court's statement that "there were 110 jurors summoned through use of the jury wheel" appellant relied upon the jury list and the sheriff's return which he offered at the hearing on his motion for new trial.

The names of 107 jurors appear on the list of jurors drawn, to which list three jurors drawn for other weeks were added.

The sheriff's return reveals that opposite the names of the persons listed as not summoned appear such notations as "No return"; "unclaimed"; "moved—no address"; "undelivered"; "called, 76 years old"; "not *fwda*ble."

Such irregular return strongly suggests that notices had been mailed to the jurors drawn from the wheel. In any event, such return is not sufficient to refute the trial court's statement that there were 110 jurors summoned through use of the jury wheel.

The remaining claim of error relating to the manner in which some of the talesmen were selected shows no reversible error.

The judgment is affirmed.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Presiding Judge.

In addition to what we said originally, we call attention to the fact that at the hearing on the motion for new trial appellant introduced in evidence the list of 107 jurors who were drawn to serve during the week of appellant's trial. He also called the district clerk, who testified that the circles around the numbers opposite the juror's name indicated that such juror had been excused and that 26 names had been so circled.

In Gonzalez v. State, 164 Tex.Cr.R. 64, 297 S.W.2d 144, we held that a special venire was not invalidated by reason of excuses which reduced the number below the number required.

Remaining convinced that we reached the correct disposition of appellant's appeal originally, his motion for rehearing is overruled.