Roy Glenn FERGUSON and David Odell Ferguson, Appellants,

v.

The STATE of Texas, Appellee.

No. 62254.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 15, 1982.

Rehearing Denied Oct. 13, 1982.

Dana Smith, Brownwood, for appellants.

Gary R. Price, Dist. Atty., and W. Stephen Ellis, Asst. Dist. Atty., Brownwood, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for delivery of cocaine. After the jury found the appellants guilty, the jury assessed punishment at eight years confinement for David Odell Ferguson and ten years confinement for Roy Glen Ferguson.

In the appellants' first ground of error, they allege that the jury panel was selected in violation of Art. 34.02, V.A.C.C.P.[1] Appellants argue that the trial court erred in allowing the county sheriff to assemble additional veniremen after it became clear to the court that those jurors called to duty were insufficient. Appellants contend additional veniremen should have been drawn from the jury wheel.

The record reflects that Brown County selects its jurors through the use of the jury wheel system. Veniremen were selected by the system to comprise a panel for appellant's trial, however, because three defendants were tried jointly, there were not enough veniremen.[2] An in camera discussion of this problem was conducted out of the hearing of the court reporter. Present at the in camera meeting were the judge, appellants' attorney, the district attorney, and Sheriff Danny Neal. As a result of the meeting, Sheriff Neal directed his deputies to gather additional veniremen from people in the community whom they knew to have "good reputations in the community that would render a fair and impartial verdict if selected." Neal subsequently testified at the hearing on a motion for new trial. He stated appellants did not object to his procurement of additional talesmen. The record at trial is silent concerning this arrangement to assemble additional prospective jurors.

Those jurors selected by the jury wheel and the individuals picked up by the sheriff were voir dired as a group. The record reflects that Dean Morgan, a juror not chosen by jury wheel, served on the jury which convicted appellants. Morgan had nineteen years of prior experience as a peace officer, including investigative work for the Brown County District Attorney's Office. At the

1.  Art. 34.02, V.A.C.C.P., provides:
    "In any criminal case in which the court deems that the veniremen theretofore drawn will be insufficient for the trial of the case, or in any criminal case in which the venire has been exhausted by challenge or otherwise, the court shall order additional veniremen in such numbers as the court may deem advisable, to be summoned as follows:

    "(a) In a jury wheel county, the names of those to be summoned shall be drawn from the jury wheel.
    "(b) In counties not using the jury wheel, the veniremen shall be summoned by the sheriff."

2.  The third defendant received a ten year probated sentence and did not join in appellants' appeal.

time of trial, however, he was employed as a car salesman.

In *Steadman v. State,* 146 Tex.Cr.R. 512, 206 S.W.2d 597, this Court expressly upheld the precursor to Art. 34.02, V.A.C.C.P., by stating:

> "If the trial be had in a county operating under the jury wheel system, and additional prospective jurors are needed, they should be jurors whose names have been taken from the jury wheel as is provided by law for the operation of such ⁄jury wheel." 206 S.W.2d at 598.

Likewise, in *Coy v. State,* 163 Tex.Cr.R. 58, 288 S.W.2d 782, the Court of Criminal Appeals reversed a defendant's capital murder conviction after finding that the jury was comprised of "pick-up" jurors in violation of the jury wheel system. It is equally clear, however, that in both of these cases the defendants made timely objection to the formation of a "pick-up" jury.

■ In the instant case, the record is devoid of any attempt by appellants to object to the jury or the procurement of additional talesmen. The issue, therefore, is whether the court committed fundamental error. From the record it does not appear that any of the "picked up" jurors were absolutely disqualified from sitting on the panel. See Arts. 35.16, 35.19, V.A.C.C.P.; *Mangum v. State,* Tex.Cr.App., 493 S.W.2d 798. Nor is Morgan alleged to be disqualified because he was convicted of theft or any felony, under indictment or other legal accusation for theft or any felony, insane, or laboring under a physical or mental defect which rendered him unfit for jury service. See Art. 35.16, supra; *Mangum v. State,* supra; *Lowe v. State,* 88 Tex.Cr.R. 316, 226 S.W. 674. The record shows appellants had a full and fair opportunity to voir dire prospective jurors. Appellants exercised their right to challenge objectionable

veniremen. Appellants made no objection, or contention on appeal, that the picked up jury required them to exhaust all of their peremptory challenges.

In *Dent v. State,* Tex.Cr.App., 504 S.W.2d 455, this Court determined that, absent a timely objection, defendant could not on appeal first complain that the trial court wrongfully excused potential jurors in violation of Art. 2120, Vernon's Ann.Civ. Statutes. Citing *Fontenot v. State,* Tex.Cr. App., 379 S.W.2d 334 and Branch's 2nd ed. Vol. 1, Sec. 543 this Court stated:

> "Any infringement of the jury law will require a reversal without reference to whether injury to the defendant is shown. When the statute prescribes the method of procedure *and compliance therewith is promptly and timely demanded,* the trial court is not authorized to permit infringements of the jury law." 504 S.W.2d 455, 457 (Emphasis in original).

Accordingly, this Court in the same opinion found Art. 35.01, V.A.C.C.P.,[3] concerning attachment of absent prospective jurors, to be directory and not mandatory. See *Stephenson v. State,* Tex.Cr.App., 494 S.W.2d 900; *Brown v. State,* Tex.Cr.App., 475 S.W.2d 938.

■ Appellants failed to object to the jury panel summoned by the sheriff. Absent such an objection, we find appellants waived the procedure set out in Art. 34.02, supra, and overrule their ground of error.

■ In appellants' third ground of error they contend that the trial court failed to apply the law of criminal responsibility to the facts of the case. They allege the court's charge is defective because it charges the jury with the law of parties, V.T.C.A. Penal Code, Sec. 7.02, but fails to apply this law to the facts of the case. No objection to the court's charge was made to

---

3. Art. 35.01, V.A.C.C.P., provides:

"When a case is called for trial and the parties have announced ready for trial, the names of those summoned as jurors in the case shall be called. Those not present may be fined not exceeding fifty dollars. An attachment may issue on request of either party for any absent summoned juror, to have

him brought forthwith before the court. A person who is summoned but not present, may upon an appearance, before the jury is qualified, be tried as to his qualifications and impaneled as a juror unless challenged, but no cause shall be unreasonably delayed on account of his absence."

the court. In *Romo v. State,* Tex.Cr.App., 568 S.W.2d 298 (on rehearing) we held that a court does not commit fundamental error in failing to apply the law of parties to the facts of the case. See *Bilbery v. State,* Tex.Cr.App., 594 S.W.2d 754; *Pitts v. State,* Tex.Cr.App., 569 S.W.2d 898.

Finally, in their second ground of error, appellants contend they were denied effective assistance of counsel. Specifically, they allege their attorney was ineffective in failing to object to the composition of the venirement, as alleged in ground of error one, failed to object to the charge, as alleged in ground of error three, and failed to file a motion for severance on behalf of appellants.

As appellants concede in their brief to this Court:

"No two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done in the better light of hindsight." [*Williams v. Beto,* 354 F.2d 698 (5th Cir. 1965)].

■ The test to be applied in determining whether counsel provided constitutionally satisfactory services is the "reasonably effective assistance" standard. *MacKenna v. Ellis,* 280 F.2d 592, 599 (5th Cir. 1960), modified 289 F.2d 928 (5th Cir. 1961), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961); *Ex parte Morse,* 591 S.W.2d 904; *Ex parte Gallegos,* Tex.Cr.App., 511 S.W.2d 510. Such a determination will be based upon the totality of counsel's representation. *Sanchez v. State,* Tex.Cr.App., 589 S.W.2d 422; see *Ewing v. State,* Tex.Cr. App., 549 S.W.2d 392; *Williams v. State,* Tex.Cr.App., 513 S.W.2d 54; Clinton & Wice, Assistance of Counsel in Texas, 12 St. Mary's L.J. 1 (1980).

■ We have reviewed the entire record of appellants' trial, and conclude appellants' counsel played an active role in their defense. Appellants' counsel filed numerous pretrial motions on their behalf. Counsel extensively cross-examined each witness offered by the State, and presented seven defense witnesses. Fourteen defense witnesses testified at the punishment phase of the trial. Appellants' counsel presented argument at both the guilt or innocence and punishment phases of the trial. Counsel exhibited a thorough knowledge of the facts surrounding appellants' case. We find counsel's efforts on appellants' behalf more than sufficient to constitute reasonably effective assistance at trial. See *Passmore v. State,* Tex.Cr.App., 617 S.W.2d 682; *Hurley v. State,* Tex.Cr.App., 606 S.W.2d 887.

■ Appellants further maintain that ineffective assistance arose by their retained counsel representing both them and another individual to the transaction. Mere assertions of conflict of interest do not support ineffective assistance of counsel. See, *Stutes v. State,* Tex.Cr.App., 530 S.W.2d 309. As we recently held in *Gonzales v. State,* Tex.Cr.App., 605 S.W.2d 278, an actual and significant conflict of interest exists where, "one defendant stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a co-defendant whom counsel is also representing." 605 S.W.2d 278, 282; *Ex parte Alaniz,* Tex. Cr.App., 583 S.W.2d 380; see also *Foxworth v. Wainwright,* 516 F.2d 1072 (5th Cir. 1972).

In the instant case, as in *Pollan v. State,* Tex.Cr.App., 612 S.W.2d 594, there was no objection to the dual representation at trial. In *Pollan* we stated:

"In *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the Supreme Court held that when no objection to an alleged conflict of interest is raised at trial the defendant must show an actual conflict which adversely affected his lawyer's performance. The mere showing of a possible conflict of interest is not sufficient to prevail on a claim of ineffective assistance of counsel. This Court has granted relief in those cases in which a defendant has shown a conflict of interest which has actually affected the adequacy of his attorney's performance. See *Ex parte Parham,* 611 S.W.2d 103 (1981); *Ex parte Alaniz,* Tex.Cr.App., 583 S.W.2d 380."

In an effort to show an actual conflict of interest which adversely affected counsel, appellants direct the Court to their codefendant's testimony at trial. Review of this testimony reveals, however, that the codefendant admits to committing the offense rather than shifting blame to appellants. We find that appellants' contention of ineffective assistance of counsel is not supported by the record and is accordingly without merit.

The judgment is affirmed.