TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00496-CR







Rueben Regalado, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-97-0443, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING







 The jury found appellant guilty of the offense of aggravated assault by causing
serious bodily injury to another (1) and assessed punishment at confinement for fifteen years and a
fine of $5,000. A not guilty verdict was returned by the jury on an additional count of burglary
of a habitation. (2) In a single point of error, appellant contends that he did not receive effective
assistance of counsel in the trial court. We will affirm.

 Appellant's stepdaughter, Meagon Clemmer, went to Michael Prado's home shortly
after noon on the day in question in response to a telephone invitation from Michael. It appears
undisputed that hugging and kissing ensued between the teenagers until appellant kicked down the
door to the house and administered a rather severe beating to the smaller Michael, age 17. While
the events that occurred between Meagon's arrival and appellant's appearance are in dispute, it
is undisputed that appellant, in an altercation with Michael, struck Michael with his fists in the
face, groin, and abdomen until Meagon asked him to stop because she was afraid appellant would
get in trouble. Appellant's defense throughout the trial was the necessity to use reasonable force
to protect himself and his stepdaughter against the use of unlawful force by Michael.

 Appellant contends on appeal that his trial counsel was defective by agreeing to
stipulate as to the element of serious bodily injury. Defense counsel offered the stipulation after
Michael's mother, Jo Anne Prado, identified a picture of Michael as he appeared when she arrived
at the hospital in response to a call she received at her place of employment. In a bench
conference, defense counsel stated that he tendered the stipulation because the picture of Michael's
injuries "would be harmful to my client by causing undue emotional response by the jury." It
appears that the picture was never shown to the jury nor was the State's projected testimony from
Michael's treating doctor ever offered.

 The burden of proof an accused has in proving ineffective assistance is set forth
with clarity and completeness in Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App.
1990):


 The test to be applied in determining ineffective assistance of counsel is
found in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). As this Court has previously noted, no mechanistic formula is provided by
Strickland:



 The benchmark for judging any claim of ineffectiveness must
be whether counsel's conduct so undermined the proper functioning
of the adversarial process that the trial cannot be relied on as having
produced a just result.



Butler v. State, 716 S.W.2d 48, 54 (Tex. Cr. App. 1986) quoting Strickland, 104
S.Ct. at 2064. A defendant seeking relief under Strickland must show that
counsel's performance was deficient and the defendant must show that the deficient
performance prejudiced the defense. Butler, 716 S.W.2d at 54. When clarifying
the "prejudice" prong of this two part test, the Strickland Court held:



 The defendant must show that there is a reasonable
probability that, but for counsel's unprofessional errors, the result
of the proceedings would have been different. A reasonable
probability is a probability sufficient to undermine confidence in the
outcome.



Ex parte Guzmon, 730 S.W.2d 724, 733 (Tex. Cr. App. 1987) quoting Strickland,
104 S.Ct. at 2068.



 This standard has never been interpreted to mean that the accused is entitled
to errorless or perfect counsel. Bridge v. State, 726 S.W.2d 558, 571 (Tex. Cr.
App. 1986). When reviewing a claim of ineffective assistance of counsel, judicial
scrutiny of counsel's performance must be highly deferential. 466 U.S. at 689, 104
S.Ct. at 2065, 80 L.Ed.2d at 694. Whether the Strickland standard has been met
is to be judged by "the totality of the representation." Id.; Ferguson v. State, 639
S.W.2d 307, 310 (Tex. Cr. App. 1982). Isolated instances in the record reflecting
errors of commission or omission do not cause counsel to become ineffective, nor
can ineffective assistance of counsel be established by isolating or separating out
one portion of the trial counsel's performance for examination. Bridge, 726
S.W.2d at 571; Johnson v. State, 629 S.W.2d 731, 736 (Tex. Cr. App. 1981). An
applicant must show omissions or other mistakes made by counsel that amount to
professional errors of a magnitude sufficient to raise a reasonable probability that
the outcome of the trial would have been different but for the errors. Butler, 716
S.W.2d at 54. The test is to be applied at the time of trial, not through hindsight. 
Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Cr. App. 1986), cert. denied, 480
U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987).


 There is no showing in the record before us that there was any basis for an issue
as to whether Michael received serious bodily injuries. In reviewing defense counsel's
performance, we must also be mindful that the jury found appellant not guilty on the burglary
count.

 We hold that appellant has not overcome the presumption that the challenged action
of trial counsel could be considered sound trial strategy. Nor has appellant shown mistakes by
counsel that amount to professional errors of a magnitude sufficient to raise a reasonable
probability that the outcome of the trial would have been different but for the alleged error.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Jones, Kidd and Davis*

Affirmed

Filed: August 26, 1999

Do Not Publish






* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Tex. Penal Code Ann. § 22.02(a)(1) (West 1994).
2. See Tex. Penal Code Ann. § 30.02(a)(1) (West 1994).



sarial process that the trial cannot be relied on as having
produced a just result.



Butler v. State, 716 S.W.2d 48, 54 (Tex. Cr. App. 1986) quoting Strickland, 104
S.Ct. at 2064. A defendant seeking relief under Strickland must show that
counsel's performance was deficient and the defendant must