TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00428-CR






Bruce Allen Aaron, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 97-121-K26, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING







 The jury found appellant guilty of both counts of an indictment charging him with organized
criminal activity by (1) committing the offense of burglary of a habitation and (2) by committing the offense
of theft of a motor vehicle. See Tex. Penal Code Ann. §§ 71.01 and 71.02 (West 1994 & West Supp.
1998). Punishment was assessed by the jury at confinement for fifty years on the first count and at
confinement for five years on the second count. In his first two points of error, appellant asserts the
evidence is legally insufficient and factually insufficient to support the convictions. In his third point of error,
appellant contends that he did not receive effective assistance of counsel. We will overrule appellant's
points of error and affirm the judgment of the trial court.

 It is undisputed that appellant and co-defendant John McQuoid entered the home of Robert
and Eileen Samford while the Samfords were away during the Christmas holidays of 1996 and took a 32-inch television, jewelry and other items. In addition, a "Blazer" vehicle was taken from the driveway. 
Appellant asserts the State has failed to prove that there was sufficient evidence to show that appellant
intended to engage in organized criminal activity. Specifically, appellant contends the State failed to prove
beyond a reasonable doubt that appellant had the specific intent to participate in a combination, as that term
is defined in Penal Code section 71.01.

 A person is engaged in organized criminal activity when "a person commits an offense if,
with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as
a member of a criminal street gang, he commits or conspires to commit one or more of the following: . .
. burglary, theft . . . ." Penal Code § 71.02(a)(1). "'Combination' means three or more persons who
collaborate in carrying on criminal activities . . . ." Penal Code § 71.01(a). 

 The State contends the third person in the combination was appellant's wife, Sandra Aaron,
and that it was appellant's intent from the outset that she participate in the crime. Reviewing the evidence
favorable to the State's position, we find the following:


 (1) the victims' neighbor, Dora Henry, saw appellant and Sandra outside the
victims' house while the Samfords were away and observed appellant and Sandra looking
into the Blazer vehicle;


 (2) Temple police officers went to the home of Sandra and appellant in Temple
where the officers found the "Blazer" in the driveway; the officers entered the Aaron home
and recovered the television and other items identified by the victims as items taken from
their home, and Sandra was wearing one of the rings taken in the burglary;


 (3) appellant's confession taken after his arrest, and after certain portions were
redacted, was admitted into evidence without objection; after admitting that he and
McQuoid entered the house, took the property in question and loaded it into the victims'
"Blazer," the confession recited: "My wife [Sandra] and I followed him [McQuoid] back
to Temple. . . [W]e kept the 32-inch TV, the Blazer and two tennis rackets. He
[McQuoid] kept the rest.";


 (4) it was stipulated that co-defendants McQuoid and Sandra Aaron entered
pleas of guilty to engaging in organized criminal activity; and,


 (5) under cross-examination by the prosecutor, co-defendant McQuoid testified
that when he pled guilty the day before he said that Sandra "was not only involved but she
basically pushed Bruce Aaron [appellant] into doing this because of financial problems."

 

 Appellant, testifying in his own behalf, stated that he and McQuoid committed the burglary without
his wife's knowledge. Sandra testified that she had no knowledge of the crime until after it was completed.

 In reviewing the sufficiency of the evidence, we must determine whether, viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319
(1979). Under the Jackson standard, the reviewing court is not to position itself as a thirteenth juror in
assessing the evidence nor is it our place to second guess the determination made by the trier of fact. See
Collins v. State, 800 S.W.2d 267, 269 (Tex. App.--Houston [14th Dist.] 1990, no pet.). The trier of
fact (jury in this cause) is in a better place than an appellate court to weigh, accept or reject all or any
portion of any witness's testimony.

 Appellant agues that the circumstantial evidence is very weak to show that appellant
intended to commit the offense in combination with anyone other than McQuoid. It is not necessary to
show that co-defendant Sandra Aaron actually took part in the breaking and entering; the statute "only
requires that the defendant 'commit' the underlying offense with intent to 'establish, maintain, or participate
in a combination.'" See McDonald v. State, 692 S.W.2d 169, 174 (Tex. App.--Houston [1st Dist.]
1985, pet. ref'd). 

 Appellant and Sandra were placed at the scene of the burglary viewing the house and
looking into the "Blazer" during the holiday season in which the offense occurred. Appellant's confession
reflects that Sandra left the site of the burglary with appellant. Co-defendant McQuoid stated that he
testified at his trial that Sandra "basically pushed Aaron [appellant] into this because of financial problems."

 Viewing the evidence in the light most favorable to the verdict, we hold that any rational
trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Appellant's
first point of error is overruled.

 In his second point of error, appellant urges that the evidence is not factually sufficient to
support the conviction under this Court's standard for factual review in Stone v. State, 823 S.W.2d 375
(Tex. App.--Austin 1992, pet. ref'd, untimely filed). See Clewis v. State, 922 S.W.2d 126 (Tex. Crim.
App. 1996) (adopting Stone test). In Stone, this Court set forth the following standard for a factual review
of the evidence:


[T]he court views all the evidence without the prism of 'in the light most favorable to the
prosecution.' Because the court is not bound to view the evidence in the light most
favorable to the prosecution, it may consider the testimony of defense witnesses and the
existence of alternative hypotheses. The court should set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.



Stone, 823 S.W.2d at 381 (citations omitted).

 After viewing all of the evidence, including the testimony of defense witnesses and the
existence of alternative hypothesis, we conclude that the jury's verdict is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Appellant's second point of error
is overruled.

 In his third point of error, appellant contends that he was denied his constitutional right to
effective assistance of counsel. Appellant directs our attention to trial counsel's stipulating to the co-defendants' judicial admissions of guilt, failing to object to the prosecutor showing pictures of the crime
scene and the showing of a stolen video of the christening of the victims' child.

 The burden of proof an accused has in proving ineffective assistance is set forth with clarity
and completeness in Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990): 


 The test to be applied in determining ineffective assistance of counsel is found in
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As
this Court has previously noted, no mechanistic formula is provided by Strickland:


 The benchmark for judging any claim of ineffectiveness must be
whether counsel's conduct so undermined the proper functioning of the
adversarial process that the trial cannot be relied on as having produced
a just result.


Butler v. State, 716 S.W.2d 48, 54 (Tex. Cr. App. 1986) quoting Strickland, 104 S.Ct.
at 2064. A defendant seeking relief under Strickland must show that counsel's
performance was deficient and the defendant must show that the deficient performance
prejudiced the defense. Butler, 716 S.W.2d at 54. When clarifying the "prejudice" prong
of this two part test, the Strickland Court held:


 The defendant must show that there is a reasonable probability
that, but for counsel's unprofessional errors, the result of the proceedings
would have been different. A reasonable probability is a probability
sufficient to undermine confidence in the outcome.


Ex parte Guzmon, 730 S.W.2d 724, 733 (Tex. Cr. App. 1987) quoting Strickland, 
104 S.Ct. at 2068.


 This standard has never been interpreted to mean that the accused is entitled to
errorless or perfect counsel. Bridge v. State, 726 S.W.2d 558, 571 (Tex. Cr. App.
1986). When reviewing a claim of ineffective assistance of counsel, judicial scrutiny of
counsel's performance must be highly deferential. 466 U.S. at 689, 104 S.Ct. at 2065,
80 L.Ed.2d at 694. Whether the Strickland standard has been met is to be judged by "the
totality of the representation." Id.; Ferguson v. State, 639 S.W.2d 307, 310 (Tex. Cr.
App. 1982). Isolated instances in the record reflecting errors of commission or omission
do not cause counsel to become ineffective, nor can ineffective assistance of counsel be
established by isolating or separating out one portion of the trial counsel's performance for
examination. Bridge, 726 S.W.2d at 571; Johnson v. State, 629 S.W.2d 731, 736 (Tex.
Cr. App. 1981). An applicant must show omissions or other mistakes made by counsel
that amount to professional errors of a magnitude sufficient to raise a reasonable probability
that the outcome of the trial would have been different but for the errors. Butler, 716
S.W.2d at 54. The test is to be applied at the time of trial, not through hindsight. 
Wilkerson v. State, 726 S.W.2d 542, 548 Tex. Cr. App. 1986), cert. denied, 480 U.S.
940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987).



 At the outset, it must be recognized that defense counsel had a difficult task. The third
party in the combination, Sandra Aaron, was included in appellant's plan to commit the offense by evidence
that was difficult for defense counsel to attack. Sandra and appellant were placed at the victims' house
after the victims had left on vacation. Appellant's confession places her at the scene of the crime when it
stated that Sandra and appellant followed McQuoid in the stolen "Blazer" when they departed following
the burglary. McQuoid stated that when he entered a plea of guilty, he testified that Sandra pushed
appellant into committing the crime. In light of this evidence, it is difficult for us to imagine how defense
counsel's stipulations about McQuoid and Sandra making judicial admissions of guilt could have served
to undermine confidence in the outcome of the trial.

 Pictures of the crime scene and the playing of the stolen video constituted evidence of the
offense and as such was relevant evidence. See Tex. R. Evid. 401. Depending on the number of times
the pictures were exhibited and the video played, their probative value may have been outweighed by the
danger of unfair prejudice. See Tex. R. Evid 403. It is often a question of trial tactics in determining what
affect it might have on a jury to object to the mention of matters that the jury may very well feel are
important to the case.

 When viewed in the context of the entire cause, errors, if any, counsel made in the conduct
of the case in the trial court were not of such magnitude to raise a reasonable probability that the outcome
of the trial would have been different but for the errors. Appellant's third point of error is overruled.

 The judgment is affirmed.



 


 Tom G. Davis, Justice


Before Justices Jones, Kidd and Davis*


Affirmed


Filed: May 29, 1998


Do Not Publish




* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



. A defendant seeking relief under Strickland must show that counsel's
performance was deficient and the defendant must show that the deficient performance
prejudiced the defense. Butler, 716 S.W.2d at 54. When clarifying the "prejudice" prong
of this two part test, the Strickland Court held:


 The defendant must show that there is a reasonable probability
that, but for counsel's unprofessional errors, the result of the proceedings
would have been different. A reasonable probability is a probability
sufficient to undermine confidence in the outcome.


Ex parte Guzmon, 730 S.W.2d 724, 733 (Tex. Cr. App. 1987) quoting Strickland, 
104 S.Ct. at 2068.


 This standard has never been interpreted to mean that the accused is entitled to
errorless or perfect counsel. Bridge v. State, 726 S.W.2d 558, 571 (Tex. Cr. App.
1986). When reviewing a claim of ineffective assistance of counsel, judicial scrutiny of
counsel's performance must be highly deferential. 466 U.S. at 689, 104 S.Ct. at 2065,
80 L.Ed.2d at 694. Whether the Strickland standard has been met is to be judged by "the
totality of the representation." Id.; Ferguson v. State, 639 S.W.2d 307, 310 (Tex. Cr.
App. 1982). Isolated instances in the record reflecting errors of commission or omission
do not cause counsel to become ineffective, nor can ineffective assistance of counsel be
established by isolating or separating out one portion of the trial counsel's performance for
examination. Bridge, 726 S.W.2d at 571; Johnson v. State, 629 S.W.2d 731, 736 (Tex.
Cr. App. 1981). An applicant must show omissions or other mistakes made by counsel
that amount to professional errors of a magnitude sufficient to raise a reasonable probability
that the outcome of the trial would have been different but for the errors. Butler, 716
S.W.2d at 54. The test is to be applied at the time of trial, not through hindsight. 
Wilkerson v. State, 726 S.W.2d 542, 548 Tex. Cr. App. 1986), cert. denied, 480 U.S.
940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987).



 At the outset, it must be recognized that defense counsel had a difficult task. The third
party in the combination, Sandra Aaron, was included in appellant's plan to commit the offense by evidence
that was difficult for defense counsel to attack. Sandra and appellant were placed at the victims' house
after the victims had left on vacation. Appellant's confession places her at the scene of the crime when it
stated that Sandra and appellant followed McQuoid in the stolen "Blazer" when they departed following
the burglary. McQuoid stated that when he entered a plea of guilty, he testified that Sandra pushed
appellant into committing the crime. In light of this evidence, it is difficult for us to imagine how defense
counsel's stipulations about McQuoid and Sandra making judicial admissions of guilt could have served
to undermine confidence in the outcome of the trial.

 Pictures of the crime scene and the playing of the stolen video constituted evidence of the
offense and as such was relevant evidence. See Tex. R. Evid. 401. Depending on the number of times
the pictures were exhibited and the video played, their probative value may have been outweighed by the
danger of unfair prejudice. See Tex. R. Evid 403. It is often a question of trial tactics in determining what
affect it might have on a jury to object to the mention of matters that the jury may very well feel are
important to the case.

 When viewed in the context of the entire cause, errors, if any, counsel made in the conduct
of the case in the trial court were not of such magnitude to raise a reasonable probability that the outcome
of the trial would have been different but for the errors. Appellant's third point of error is overruled.

 The judgment is affirmed.



 


 Tom G. Davis, Justice


Before Justices Jones, Kidd and Davis*


Affirmed


Filed: May 29, 1998


Do Not Publish