### Higinio Mercado v. The State.

No. 8019.   Decided January 30, 1924.

**1.—Murder—Evidence—Practice in Trial Court.**

Where the testimony with reference to flight of defendant's companion after his arrest and during that flight the pistol of the deceased and cartridges fitting it were thrown into the alley was withdrawn from consideration of the jury, there is no error.

**2.—Same—Evidence—Acts of Deceased.**

The statement of the deceased to his sister as he was in the act of starting away that he was going to the home of defendant's companion was properly received in evidence. Following Porter v. State, 86 Texas Crim. Rep., 43.

**3.—Same—Declaration of Deceased—Hearsay.**

The declaration of the deceased to his sister that defendant's companion had borrowed his pistol is hearsay and was not available to the State to prove that defendant's companion had borrowed the pistol of deceased.

**4.—Same—Evidence—Footprints—Measurement.**

The measurement and description of the footprints of defendant's companion was properly received in evidence, and that both he and defendant were seen together in the afternoon of the day on which the deceased disappeared.

**5.—Same—Evidence—Acts and Declarations of Third Parties—Conspiracy.**

While the evidence that one of the companions of the defendant was seen driving his car at night at a certain place was admissible, the same could not be used against the defendant unless there was proof of a conspiracy to kill the deceased.

**6.—Same—Requested Charge—Conspiracy.**

Where, upon trial of murder, the evidence revealed that the defendant was acting with others and the defendant prepared a comprehensive requested charge to the effect that the acts and declarations of his companions could not be considered as evidence of his guilt unless there was a conspiracy shown, the same should have been submitted, as this phase of the law was not embraced in the Court's main charge. Following Wallace v. State, 46 Texas Crim. Rep., 341, and other cases.

**7.—Same—Requested Charge—Accessories—Accomplices.**

If there be sufficient circumstance to establish the guilt of the defendant of complicity in the offense, they leave such doubt of the nature of his connection with it as would render appropriate the submission of a charge on the law of accessories and accomplices as was requested by the defendant.

**8.—Same—Practice on Appeal.**

As the action of the trial court touching the examination of witnesses in the presence of the venire, etc., will not occur upon another trial, it is not necessary to repeat them here.

Appeal from the District Court of Cameron.  Tried below before the Honorable J. C. George, special judge.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion state the case.

*Wells & Galbraith,* for appellant.—On question of remarks of judge: Harris v. State, 36 S. W. Rep., 88; Strong v. State, 156 id., 664.

On question of declaration of co-conspirators: McWilliams v. State, 44 Texas, 116; Malcolmson v. State, 8 S. W. Rep., 468.

On question of withdrawal of illegal testimony: Williford v. State, 37 S. W. Rep., 761; Schwen v. State, 35 id., 172.

On question of conspiracy: Wright v. State, 43 Texas, 170; Ripley v. State, 100 S. W. Rep., 943; Preston v. State, 4 Texas Crim. App., 197.

On question of imputing crime to another: La Fell v. State, 153 S. W. Rep., 884; Jackson v. State, 20 Texas Crim. App., 120.

On question of accessories and accomplices: La Fell v. State, 153 S. W. Rep., 884; Bean v. State, 17 Texas Crim. App., 72.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of ten years.

This is a companion case to that of Manuel Mercado, which has this day been decided.  The evidence introduced on behalf of the State is practically the same as that developed in the separate trial of Manuel Mercado.  In the present case, however, there was no direct testimony showing that the appellant was in company with the deceased at any time; nor is there evidence of flight on his part or of his possession of the pistol of the deceased.  The facts present the theory of alibi which was submitted to the jury.

A charge was given upon the law of principals and circumstantial evidence. Evidence of flight of Manuel Mercado after his arrest and

during that flight the pistol of the deceased and cartridges fitting it were thrown into the alley was introduced over appellant's objection. This testimony was specifically withdrawn from the consideration of the jury by the court's charges.

There was received in evidence over the objection of appellant testimony that the deceased had declared that he had loaned Manuel Mercado his pistol and that he was going to a certain place in the city of Brownsville to recover it. The statement of the deceased to his sister as he was in the act of starting away in her Ford car that he was going to the home of Tomayo and see Mercado was properly received, as showing the design or plan of the deceased. See Wigmore on Evidence, Vol. 1, sec. 102; Porter v. State (on motion for rehearing), 86 Texas Crim. Rep., 43.

The declaration of the deceased to his sister that Manuel Mercado had borrowed his pistol is regarded as hearsay and was not available to the State to prove that Manuel Mercado had borrowed the pistol of the deceased.

The measurement and the description of the footprints of Manuel Mercado was properly received, as was likewise the evidence that in the afternoon of the day on which the deceased disappeared, he and Manul Mercado were seen together in a Ford car.

The evidence that Jose Mercado was seen driving his car at night-time at a point between Brownsville and the place where the body of the deceased was found was a fact which it was permissible for the State to put in evidence, but it was not one which could be used against the appellant to show his guilt, unless, from the evidence in the case, the jury believed beyond a reasonable doubt, that the appellant and his brother or brothers had entered into a conspiracy to kill the deceased and was present at the time, or that being present, he aided or encouraged them to commit the homicide.

The appellant prepared a comprehensive special charge to the effect that the acts and declarations of his brothers could not be considered as evidence of his guilt unless there was a conspiracy shown. This principle not being embraced in the main charge, the court should either have amended the charge or given the special charge requested in order to properly guide the jury and protect the rights of the appellant. Luttrell v. State, 31 Texas Crim. Rep., 493, 21 S. W. Rep., 248; Graham v. State, 61 S. W. Rep., 714; Wallace v. State, 46 Texas Crim. Rep., 341; Chapman v. State, 45 Texas Crim. Rep., 479; Dobbs v. State, 51 Texas Crim. Rep., 113, 100 S. W. Rep., 948; Wilson v. State, 70 Texas Crim. Rep., 3, 155 S. W. Rep., 243.

A special charge on the law of accessories and accomplices was requested and refused. If the appellant is tried again on similar evidence and the same request is made, such a charge should be given. If there be sufficient circumstances to establish the guilt of the ap-

pellant of complicity in the offense, they leave such doubt of the nature of his connection with it as would render appropriate the submission of that issue to the jury upon the demand of the accused. The jury should be told that if the appellant was merely an accomplice or accessory, he could not be convicted under an indictment charging him as a principal offender.

The action of the court touching the examination of witnesses and reciting in the presence of the venire of an illustrative case on circumstantial evidence and the result thereof, was in substance the same as that detailed in the companion case of Manuel Mercado. These matters will not occur upon another trial. It is unnecessary to repeat the remarks made concerning them in the companion case mentioned.

Because of the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*