### LEE BROOKS V. THE STATE.

No. 10915.   Delivered June 24, 1927.

Rehearing denied October 12, 1927.

1.—**Transporting Intoxicating Liquor—Examination of Jurors—Questions by Court—Held Proper.**

Where a juror on his voir dire examination had stated that he would not convict on circumstantial evidence, there was no error in the trial court questioning the juror on the matter, in the presence of other venirmen, no injury to appellant having been shown. See King v. State, 64 S. W. 245.

**2.—Same—Judgment and Sentence—Reformed.**

The judgment and sentence being incorrectly entered is reformed to read that the punishment shall be not more than two nor less than one year, and as reformed is affirmed.

ON REHEARING.

**3.—Same—No Error Shown.**

On re-examination of our original opinion, on rehearing, we are confirmed in the correctness of our conclusion that there was no error in the questioning of a juror by the court and illustrated the meaning and cogency of circumstantial evidence to him in the presence of other veniremen, in the absence of any showing of prejudice or injury to appellant. See Morrison v. State, 40 Tex. Crim. Rep. 316. Distinguishing Mercado v. State, 258 S. W. 180.

Appeal from the District Court of Van Zandt County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty, two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted for the offense of transporting liquor, and his punishment assessed at two years in the penitentiary.

The record discloses no objection to the charge. We find but one bill of exception for our review. This bill complains of the remarks of the court in the presence of the jurors while they were being examined by the County Attorney on their voir dire. It appears that the juror Wade stated he could not convict a person upon circumstantial evidence, whereupon the County Attorney stated to the court that the state was relying for a conviction upon circumstanital evidence and challenged the juror for cause. At this point the court asked the juror if he could convict a person upon circumstantial evidence provided the evidence measured up to the rule laid down by the court in his charge, and the juror stated that he did not think he could, and further stated to the court that he wanted to be perfectly frank with the court and that he did not feel like he could convict a man upon circumstantial evidence, whereupon the court stated to the juror that sometimes circumstantial evidence was more positive and better evidence than direct evidence, that the witness could

testify falsely, but the circumstances could not, and then said to the juror:

"I will illustrate to you: Suppose this gentleman here (referring to the County Attorney) and I were to go in that room (referring to a small room adjoining the court room) and after we had entered the room you should hear a pistol fire and that I should emerge from the room with a smoking pistol in my hand, and the gentleman here who had just entered the room with me was lying on the floor shot and killed, would you not consider that the state had made out its case beyond a reasonable doubt by the facts in that case?"

Whereupon the juror stated that would be a very strong case, but said:

"I would want to know that there was no one else in that room."

Whereupon the judge said:

"I am supposing that it was established that there was no one else in the room, then that would be a complete case, would it not?"

And the juror stated again that he would not want to convict on circumstantial evidence, whereupon the court stated that he thought the juror was wrong in his views but that he would excuse him.

The bill discloses that what was said above occurred in the presence and hearing of prospective jurors who later tried the appellant. The remarks of the court were objected to as being a direct comment on the weight of the evidence in the presence of the jury, and, the case being one of circumstantial evidence, because the remarks were prejudicial to the rights of the appellant.

We are unable to agree with appellant's contention, for the reason that there is nothing in the bill, or the record, showing that the appellant made any motion to quash the panel, or that the appellant was forced to take any objectionable jurors.

A question similar to this one was passed on in the case of King v. State, 64 S. W. 245. Judge Davidson, writing for the court, used the following language:

"Appellant excepted to the statement made by the court on the ground it was prejudicial to the rights of the accused; that it invaded the right given defendant, under the law, to question jurors, and was calculated to give them an intimation as to what was required of them before they could be qualified to sit in the trial of the case. Art. 675, Subd. 13, White's Ann. C. C. P., provides that, 'where a juror is being questioned in regard to his

conclusion as to the guilt or innocense of the accused, if he answer in the affirmative, he shall be discharged; if he answer in the negative he shall be further examined by the court or under its sanction,' etc. The statute provides for the very contingency that seems to have arisen as shown by the bill. This and matters of the same character are under the guidance and within the discretion of the court, to the end that the jurors may be fairly and intelligently interrogated as to their qualifications. The court is not only not interdicted from asking questions, but the statute provides that he may interrogate jurors. In David v. State, 19 Tex. App. 201, the court said, 'We are of opinion that, within proper limitations, the safer practice would be to permit counsel to make examination; but this matter is within the discretion of the court, and if not abused, we will not reverse its action in the premises.' "

The court in passing sentence, however, failed to recognize the statute with reference to the indeterminate sentence; the sentence being for two years. The sentence will be reformed so as to conform with the indeterminate sentence statute, and made to read that the punishment shall not be more than two years nor less than one year.

The facts being amply sufficient to support the verdict, and there being no errors in the record, the judgment of the trial court, as reformed, is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE. — Appellant renews his complaint of what was said by the judge to the juror Wade on his voir dire examination. Appellant's objection to this, as reflected by his single bill of exceptions was that same was a comment on the weight of the evidence; also further that this case being one of circumstantial evidence, said remarks were prejudicial to the rights of the defendant. In our original opinion we set out the facts and what was said by the court.

Art. 707, C. C. P., forbids the judge—in ruling on the admissibility of evidence—to discuss or comment upon the weight of same. In the case before us the judge was not passing on the

admissibility of any evidence. We have no situation then before us in which such an exception could avail.

The latter part of said Art. 707, supra, forbids the judge at any stage of the proceedings, before the return of a verdict, to make any remark calculated to convey to the jury his opinion of the case. If what was said to the juror Wade was of such character, and the matter was properly objected to and brought up, same might be serious. We must bear in mind that the trial court was apparently trying to get at the real attitude of Mr. Wade toward circumstantial evidence in order to properly pass on the state's challenge of Mr. Wade as a juror, because he had said he would not convict on circumstantial evidence. To the court's question to the juror as to whether he would convict on such character of testimony if same measured up to the rule laid down in the charge, he had said that frankly he did not feel that he could convict a man on circumstantial evidence; whereupon the court said that some time circumstantial evidence was more positive and better than direct evidence, and he then gave to the juror an illustration, purely hypothetical and not in any way on facts similar to the case about to be tried. This juror was still unconvinced and was excused. The remainder of the panel served without further objection, and the jury was composed of men who had no objection to convicting on circumstantial evidence. In Morrison v. State, 40 Tex. Crim. Rep. 490, we held it not error to illustrate to a juror the meaning of circumstantial evidence. Also in Brown v. State, 76 Tex. Crim. Rep. 316. We are inclined to think, however, such practice is not commendable. We think the case of Mercado v. State, 258 S. W. 180, in no way condemns the fact of the use of an illustration, but does criticise the particular illustration used in that case as not being hypothetical but as being a statement of a real case and its conclusion, said case being somewhat like the case on trial.

Upon the question of prejudice to the other members of the panel, we find the authorities practically unanimous in holding that unless the remarks are obviously prejudicial, there must be a showing in some manner of injury therefrom. Furlow v. State, 41 Tex. Crim. Rep. 12; Murphy v. State, 57 S. W. 967; Ward v. State, 59 Tex. Crim. Rep. 62; McGaughey v. State, 74 Tex. Crim. Rep. 529. We further observe that if appellant did not want a trial of his case before the other members of the panel who heard the remarks of the court, he should have raised some objection to such proceeding. We find nothing in the record showing that appellant in anywise made known to

the trial court his objection to the remaining jurors. He made no motion to excuse the remainder of the panel, nor did he challenge any of them for cause, nor in any other way make any effort to have them disqualified or to bring before us any showing of prejudice or injury resulting from being tried by said panel, save the single proposition that he was not given the lowest penalty. It is difficult to read this record and escape the obvious conclusion of appellant's guilt. The fact that he was conveying the quantity of liquor shown, and the further fact that on his trial he took the witness stand and admitted that he was driving the car in the night-time, which was found overturned, and on and around which were indisputable evidences of its having contained a quantity of liquor, yet he denied having had any liquor in the car at all. The jury having given appellant only two years under such facts, we are not at all inclined to think that his failure to get the lowest penalty shows any prejudice in the minds of the jury that tried him.

Being unable to agree with the contentions made by appellant in his motion for rehearing, same will be overruled.

*Overruled.*