Elmer Lee DENT, Appellant,

v.

The STATE of Texas, Appellee.

No. 47058.

Court of Criminal Appeals of Texas.

Jan. 23, 1974.

Rehearing Denied Feb. 13, 1974.

Dale Dowell, Beaumont, for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of the offense of robbery by firearms; punishment was assessed by the jury at twenty years confinement.

The sufficiency of the evidence is not challenged.

Appellant's first three grounds of error concern his original and second motions to quash the general panel of jurors, which motions were overruled by the' trial court.

In his first ground of error appellant contends he was denied due process of law when his motions were overruled without a hearing having been allowed. In his brief appellant concedes that the trial court upon denial of his motions stated he would be allowed a hearing after the trial to present evidence on his motions. From what appears in the record, no request for such hearing was made, and this court cannot speculate upon what the evidence at any such hearing would or would not have shown. Appellant presents no cogent argument on how a delay in such hearing would violate his rights. Although Article 35.07, Vernon's Ann.C.C.P., provides:

"Each party may challenge the array only on the ground that the officer summoning the jury has wilfully summoned jurors with a view to securing a conviction or an acquittal. All such challenges must be in writing setting forth distinctly the grounds of such challenge. When made by the defendant, it must be supported by his affidavit or the affidavit of any credible person. When such challenge is made, the judge shall hear evidence and decide without delay whether or not the challenge shall be sustained.",

appellant's motions to quash made no such challenge. We conclude no error is shown by the trial court's failure to conduct a hearing prior to trial where appellant declined to pursue the court's suggestion that the record on the points in his motion could be developed following the trial.

Appellant's first ground of error is overruled.

In his second ground of error, appellant contends the trial court erred in overruling his motions to quash because the general panel "was not selected in accordance with the laws of the State of Texas pertaining thereto."

In addition to the ground discussed under appellant's third ground of error below, appellant, in his motion to quash, alleged (1) that the panel was not drawn in accordance with the statutes, (2) that process was not issued to compel attendance of persons summoned who failed to appear, (3) that many persons were excused by unauthorized persons, and (4) that others were excused without any lawful excuse. There is no evidence in the record to support appellant's first and third grounds alleged. With respect to the second ground, Article 35.01, V.A.C.C.P., concerning attachment of absent prospective jurors, has been held directory and not mandatory. Stephenson v. State, Tex.Cr. App., 494 S.W.2d 900, 906; Brown v. State, Tex.Cr.App., 475 S.W.2d 938. Appellant having failed to allege and show injury, no reversible error is shown.

Only appellant's claim that members of the panel were excused without lawful excuse finds any support in the

record. Article 2120, Vernon's Ann.Civ. St., provides:

"The Court may hear any reasonable sworn excuse of a juror, and may release him entirely or until some other day of the term; provided, however, the Court shall not excuse any juror for economic reasons unless all parties of record are present and approve such excuse."

From the record it does not appear that members of the panel requesting to be excused from service were sworn. Further, it does appear that several were excused for economic reasons. The rule governing this matter is correctly stated in appellant's brief, using the language from 1 Branch's, 2nd Ed., Sec. 543, quoted with approval in Fontenot v. State, Tex.Cr.App., 379 S.W.2d 334, to wit:

"Any infringement of the jury law will require a reversal without reference to whether injury to the defendant is shown. When the statute prescribes the method of procedure *and compliance therewith is promptly and timely demanded,* the trial court is not authorized to permit infringements of the jury law." (Emphasis added.)

The record reflects that counsel for appellant and for the state were present during the proceedings wherein excuses of members of the panel were heard and ruled upon, and that no objection was raised during such proceedings that the members were not sworn or that the court was in error in excusing certain members for economic reasons. Furthermore, appellant's motions to quash were first presented after the members were excused. It is our conclusion that such action did not constitute a sufficiently prompt and timely demand such as to bring the above quoted rule into operation. Absent such demand, reversal would be warranted in this case only upon a showing that appellant was injured by the error complained of. No such injury is alleged or shown.

Appellant's second ground of error is overruled.

In his third ground of error, appellant complains of the exclusion of persons between the ages of 18 and 21 years from the jury wheel of Jefferson County. The trial was conducted in October 1971. This contention was overruled in Shelby v. State, Tex.Cr.App., 479 S.W.2d 31. We adhere to that holding, but note that Article 2133, V.A.C.S., has been amended, effective August 27, 1973, to include persons 18 to 21 years of age within the class of competent jurors, unless otherwise disqualified.

By his fourth and fifth grounds of error, appellant complains of the trial court's explanation of "reasonable doubt" given the jury panel on voir dire examination. Appellant's only objection at trial was not to the accuracy of the explanation, but rather to the court's authority to make such an explanation. In his brief, appellant contends the explanation was improper because it constituted an oral instruction in contravention of Article 36.14, V.A.C.C.P. It is our opinion that Art. 36.14 relates to an entirely different stage of the trial. Article 35.17 has greater relevancy, and although it does not require such an explanation as was here made, we agree with the suggestion in the Special Commentary to that Article that such explanation may be made. We perceive no error. Cf. Parks v. State, Tex.Cr.App., 400 S.W.2d 769; Brooks v. State, 107 Tex.Cr.R. 546, 298 S. W. 422.

Appellant next contends the court erred in overruling his motion to restrict the prosecutor's argument. The court ruled as follows:

". . . this motion appears to seek a restriction upon the state's right to make a plea to the jury for law enforcement in general. Now, to the extent that it is a motion to that effect, it is denied, . . . Now, to the extent that the motion seeks to restrict the state's counsel from suggesting to the jury that any individual wants this defendant, as an individual, convicted, the motion is

**458**

sustained. But insofar as a general argument for law enforcement in general, the motion is denied."

We perceive no error. See Alejandro v. State, Tex.Cr.App., 493 S.W.2d 230, 231.

■ In his last three grounds of error, appellant complains of jury arguments by the prosecutor. Upon each such argument, appellant's objection was sustained and the jury instructed to disregard. The error, if any, was cured. Barrera v. State, Tex.Cr.App., 491 S.W.2d 879; Cazares v. State, Tex.Cr.App., 488 S.W.2d 110.

Appellant's pro se brief has been examined and the allegations therein found to be unsupported by the record.

The judgment is affirmed.