

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-24-00390-CR

---

Andrew Thomas Vidal, Appellant

v.

The State of Texas, Appellee

---

## On Appeal from the 175th District Court
## Bexar County, Texas
## Trial Court No. DC2021CR6014

---

## MEMORANDUM OPINION[1]

Appellant Andrew Thomas Vidal appeals his conviction for continuous sexual abuse of a

child. Vidal brings four issues on appeal: (1) the trial court committed "fundamental" error by

---

[1] This case was transferred from the Fourth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* Tex. Gov't Code Ann. § 73.001. We apply the precedent of the Fourth Court of Appeals to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

making prejudicial comments during voir dire; (2) the prosecutor made improper closing arguments; (3) the trial court erred in excluding evidence; and (4) the trial court improperly designated an outcry witness.[2] Finding no reversible error, we affirm.

## I. BACKGROUND

Because Vidal does not challenge the sufficiency of the evidence to support his conviction, we set forth only an abbreviated factual background.

Vidal was charged with two counts of sexual abuse of his stepdaughter, M.N.[3] Count I charged Vidal with continuous sexual abuse of a child, which requires two or more acts of sexual abuse of a child younger than 14, by a person at least 17 years of age, over a period of at least 30 days. Tex. Penal Code Ann. § 21.02(b). An "act of sexual abuse" includes sexual assault, which includes any contact between the genitals of a child and the mouth or genitals of another person. Tex. Penal Code Ann. § 22.021. The indictment alleged four undated acts of contact by Vidal with M.N.'s genitals—including manual-vaginal contact, oral-vaginal contact, manual-vaginal penetration, and oral-vaginal penetration—between August 1, 2015, and August 1, 2017, when Vidal was 43–45 years old and M.N. was 11–13 years old. Count II charged Vidal with indecency with a child by touching M.N.'s breast on or about August 1, 2016. Tex. Penal Code Ann. § 21.11(c).

During a 7-day jury trial, M.N. testified to three specific incidents involving oral-vaginal, manual-vaginal, and manual-penile contact when she was 12 and 13 years old. Vidal did not testify

---

[2] In his statement of the issues, Vidal lists seven issues that are briefed as four issues. Issue four (improper striking at Vidal over shoulders of defense counsel during closing argument) is briefed together with issue three (improper closing arguments). Issues six and seven (violation of right to present a defense and confront witnesses) are briefed together with issue five (exclusion of evidence), all of which complain of the same ruling as to evidence of prior sexual history.

[3] To protect her privacy, we refer to the complaining witness by her initials. Tex. R. App. P. 9.10(a)(3) (sensitive information includes the name of a person who was a minor at the time of the offense).

but he introduced numerous character witnesses to discredit M.N. and to establish the evidence against him was not plausible. The jury charge included three undated incidents of oral-vaginal penetration, manual-vaginal penetration, and oral-vaginal contact. The jury returned a verdict finding Vidal guilty on both counts. The jury assessed a sentence of 35 years' confinement for Count I and 5 years' confinement for Count II, to be served concurrently. The trial court entered judgment accordingly. This appeal followed.

## II. FUNDAMENTAL ERROR

In his first issue, Vidal argues that the trial court committed fundamental and structural error by making prejudicial comments during voir dire in violation of Tex. Code Crim. Pro. Ann. art. 38.05 and the Texas and U.S. Constitutions.

### A. Standard of review and applicable law

Whether the trial court violated Article 38.05 and the constitutional right to the presumption of innocence and to a fair and impartial trial are questions of law that we review de novo. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997) (en banc).

Improper comments by a trial judge constitute a "fundamental error," in the sense that they may be raised on appeal regardless of whether defense counsel objected at trial. *Proenza v. State*, 541 S.W.3d 786, 796 (Tex. Crim. App. 2017). That is, they are "at least a category-two, waiver-only right." *Id.* at 801 (citing *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993) (en banc)). The trial court's impartiality and the defendant's right to be tried in a proceeding "devoid of improper judicial commentary" is "fundamental to the proper functioning of our adjudicatory process." *Id.* at 799.

Article 38.05 of the Texas Code of Criminal Procedure provides that a trial court judge shall not "at any stage of the proceeding previous to the return of the verdict, make any remark

calculated to convey to the jury his opinion of the case." Tex. Code Crim. Pro. Ann. art. 38.05. To constitute reversible error, a violation must be harmful. *Proenza*, 541 S.W.3d at 791.

The U.S. Constitution entitles defendants to an impartial tribunal and prohibits comments in front of the jury that effectively destroy a defendant's constitutional presumption of innocence. U.S. Const. amend. V, XIV; *Irsan v. State*, 708 S.W.3d 584, 607 (Tex. Crim. App. 2025). The Texas Constitution provides similar protection. *Blue v. State*, 41 S.W.3d 129, 134 (Tex. Crim. App. 2000) (en banc) (Mansfield, J., concurring) (citing Tex. Const. art. I, § 10); *cf. Brumit v. State*, 206 SW3d 639, 645 n.3 (Tex. Crim. App. 2006) (whether Texas Constitution provides distinct protection not addressed).

### B. The judge's comments[4]

Vidal complains of the following remarks during voir dire:

These cases are difficult. It's difficult for some people to hear some of these things. It's difficult because some people unfortunately have been through things like this. It's difficult because some people might have been accused or know somebody accused of things like this. This is difficult. Nobody is hiding that from you. These are not easy cases. All right.

But it's important that you understand what we're doing here and that presumption of innocence. Don't let that slip by because you hear something horrible about a charge. Please, Ladies and Gentlemen, don't.

.     .     .

Now, this exercise that we're doing today has a lot to do with people that cannot be fair for whatever reason. Not because your schedule conflicts or you have stuff going at work or something like that, *because a crime like this has touched you in a certain way.* And, unfortunately, it's touched too many. All right [emphasis added].

In general terms, like sexual abuse of a child, if you have known anybody that's gone through that, if you yourself have gone through that, if you've been accused of that or something like that, that's the meat of what they are trying to decide with you today. Is there anything like that in your life that we certainly can't know about,

---

[4] The trial was heard by the presiding judge of the 175th District Court, Hon. Cathy Torres-Stahl, and two visiting judges. Vidal complains only of comments during voir dire by a visiting judge, Hon. Kevin O'Connell.

4

we don't know about but you know about that you need to share with them so they can make a decision on whether you're fit to serve, qualified to serve.

.    .    .

[D]ue to the nature of the charge, we lose so many jurors who just say, "I don't want to hear it, Judge. Kevin, I just don't want to hear it. I don't want to hear about sexual abuse." Well, you know what, I don't either.

## C. Analysis

First, we consider whether the challenged remarks amount to improper comments conveying to the jury the trial court judge's "opinion of the case," as prohibited by Tex. Code Crim. Pro. Ann. art. 38.05. If we conclude that a remark is prohibited, we then consider whether it was harmful. Second, addressing Vidal's alternative complaint, we consider whether the comments at issue violated his constitutional rights.

### (1) The propriety of the trial court's comments

Vidal contends the trial judge's comments during jury selection violated Article 38.05 and his Due Process rights. He argues the trial court "set an unfavorable tone" in commenting generally about the presumption of innocence and commenting specifically about the type of case at issue. In effect, he claims the challenged remarks resulted in the trial court conveying an opinion about the case that favored the State and harmed the defense. The State disputes Vidal's description of the trial judge's remarks, maintaining that the judge conveyed no improper opinion and violated no rights.

### (a) What is a prohibited "opinion of the case"?

The parties' competing arguments call into question the proper interpretation of the phrase "calculated to convey to the jury his opinion of the case." Tex. Code Crim. Pro. Ann. art. 38.05. Despite their opposing views, neither party offers a definition of this statutory phrase. Over time,

5

courts have interpreted the prohibition as applying to any stage of the proceeding—not just the guilt or innocence phase.

For example, an "opinion of the case" includes a statement that "implies approval of the States argument," "indicates [] disbelief in the defense's position," or "diminishes the credibility of the defense's approach to[] the case." *Clark v. State*, 878 S.W.2d 224, 226 (Tex. App.—Dallas 1994, no pet.); *see, e.g., Knox v. State*, 13 S.W.2d 378, 379 (Tex. Crim. App. 1929) (opinion of the case necessarily includes an "opinion of the witnesses as well as their testimony"). The Court of Criminal Appeals has explained that Art. 38.05 should be construed along with the jury-charge statute, which prohibits the trial court from "expressing any opinion as to the weight of the evidence." Tex. Code Crim. Proc. art. 36.14; *Proenza*, 541 S.W.3d at 791 n.11.[5] The "primary reason" for the jury-charge rule is that an instruction by the judge as to the weight of the evidence reduces the State's burden of proof. *Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003). Art. 38.05 extended that rationale to prohibit any comments and even non-verbal conduct by the judge that the jury "may interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues." *Id.* (quoting *Lagrone v. State*, 209 S.W. 411, 415 (Tex. Crim. App. 1919)). Like a jury instruction on the weight of the evidence, a comment conveying an "opinion of the case" encompasses a spectrum of comments: on the "far end" are comments that expressly alter the State's burden and presumption of innocence; on the "near end" are comments that "obliquely or indirectly convey some opinion on the weight of the evidence by singling out that evidence and inviting the jury to pay particular attention to it." *Brown*, 122 S.W.3d at 797. For example, *Brown* held that a "mild, neutral, and an obvious common-sense proposition" in a jury

---

[5] The language of Art. 36.14 was adopted in the "Old Code" of 1857, Art. 594, and is similar to a 1853 statute. *Tex. & P. Ry. Co. v. Murphy*, 46 Tex. 356, 366–67 (1896) (citing Paschal's Dig., art. 1464). The language of Art. 38.05 was adopted in the Code of 1879. *See* 1879 Penal Code and Code of Criminal Procedure, 16th Leg., R.S., § 2, art. 729.

6

charge—which advised the jury that intent or knowledge may be inferred by acts done or words spoken—fell "marginally" outside the prohibition on judicial comments because it was "simply unnecessary" and "focus[ed] the jury's attention on the type of evidence that may support a finding of criminal intent." *Id.* at 802.

Given the extent of comments that could convey an opinion of the case, the effect of Article 38.05 is to prohibit many judicial comments that are "insignificant in the context of a particular trial." *Proenza*, 541 S.W.3d at 800. Still, whether such violations require reversal goes to harmful error. *See Irsan*, 708 S.W.3d at 606.

### (b) General comments on the presumption of innocence

Vidal asserts that the trial court's explanation of the presumption of innocence was improper in its entirety. The rules do not expressly permit trial courts to make oral comments regarding issues such as presumption of innocence in non-capital cases. All instructions on the law must be in writing. Tex. Code Crim. Proc. Ann. § 36.14. Trial judges are permitted, and required, to examine the venire in capital cases regarding five general principles of law—reasonable doubt, burden of proof, presumption of innocence, indictment, and "opinion." Tex. Code Crim. Proc. Ann. § 35.17(2). The Court of Criminal Appeals has concluded from this provision that trial courts are permitted but not required in non-capital cases to both examine and provide "explanations" of these principles during voir dire. *Dent v. State*, 504 S.W.2d 455, 457 (Tex. Crim. App. 1974) (citing Hon. John F. Onion, Special Commentary, Tex. Code Crim. Proc., Art. 36.17. Trial judges have long been permitted to lecture the venire and the jury "as to their general duties"; such lectures "confined to generalities" are generally not construed as instructions under Article 36.14 or opinions of the case under Article 38.05. 24 Tex. Jur. 3d Criminal Procedure: Trial § 71 (citing

cases). Based on this longstanding precedent, the trial court's comments regarding the presumption of innocence were generally permissible. *See Dent*, 504 S.W.2d at 457.

### (c) Specific comments regarding the type of case

Vidal contends the trial court's explanation of Vidal's important constitutional right "was watered down by the judge's additional comments about these cases being difficult." The judge stated to the venire: "These cases are difficult. . . . These are not easy cases." Remarks of this type were made several times. Vidal further argues the trial court expressed to the jury that "a crime like this has touched you" and "unfortunately, its touched too many." He contends these specific remarks relayed that a crime had in fact been committed; and they expressed a biased opinion that charges of this type are difficult to hear about and sexual assaults of children are happening too often.

"In the Texas adversarial system, the judge is a neutral arbiter between the advocates; he is the instructor in the law to the jury, but he is not involved in the fray." *Brown*, 122 S.W.3d at 797. Given this role, "a trial judge must . . . refrain from making any remark calculated to convey to the jury his opinion of the case." *Id*. at 798. Improper opinions can be conveyed indirectly in the form of a general proposition. *Id.* at 801. As courts have long-advised, "[t]rial judges should be very guarded in their verbal statements or comments upon the testimony to and in the presence and hearing of the jury in order to avoid impressing the jury with the idea that the court entertained any impressions of the case which he wished them to know[.]" *Linton v. State*, 291 S.W. 250, 251 (Tex. Crim. App. 1927)). In determining whether comments are improper, reviewing courts evaluate them from the jury's perspective, asking whether the remarks impermissibly strengthened the State's case or weakened the defense's. *Brown*, 122 S.W.3d. at 804; *Clark*, 878 S.W.2d at 226.

8

As relevant here, courts have found similar comments at voir dire to be improper. *See Drake v. State*, 465 S.W.3d 759, 762 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (comments about "difficulty in selecting a jury for this type of case" involving child pornography violated Article 38.05 and was harmful); *In re Commitment of Stuteville*, 463 S.W.3d 543, 557–58 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (Jennings, J., concurring) (comments on pedophilia case were improper and put "thumb on the scale of justice"); *Rivera v. State*, No. 01-24-00030-CR, 2025 WL 3028898, at *1 (Tex. App.—Houston [1st Dist.] Oct. 30, 2025, no pet.) (mem. op., not designated for publication) ("this is not going to be a big controversial case or anything, not in my opinion" assumed to violate Article 38.05 but found harmless); *see also In re Slaughter*, 480 S.W.3d 842, 847–51 (Tex. Spec. Ct. Rev. 2015) (public comment that child pornography case was one of "difficult types of cases" went "beyond mere factual statements of events occurring in the courtroom and add[ed] the judge's subjective interpretation").

Here, the trial court's comments went beyond a neutral and evenhanded description of the nature of the case. The court remarked to the venire that the purpose of voir dire was to identify those who could not be fair, "[n]ot because your schedule conflicts or you have stuff going on at work or something like that, *because a crime like this has touched you in a certain way.* And, unfortunately, it's touched too many." (Emphasis added.) From the perspective of the venire, we find the remarks lent weight to the State's case and diminished Vidal's presumption of innocence. They marginally fall on the wrong side of the scale because they were unnecessary and failed to clarify the law for the jury. Although the judge referred once to the "charge" and suggested that "being accused" was also difficult, the substance of his comments was that prospective jurors would have difficulty hearing and discussing the evidence presented by the State should they be selected for the jury. A trial judge should not suggest to the jury that a crime has been committed

9

when the State has yet to present any evidence. Compounding the error, the court also remarked that the crime had "touched too many."

We conclude that the trial court's remarks regarding the nature of the case or type of case were improper. Tex. Code Crim. Proc. Ann. 38.05; *Brown*, 122 S.W.3d at 803; *Clark*, 878 S.W.2d at 226.

### (2) Comments were not harmful

To obtain a reversal based on an Article 38.05 violation, the defendant must show that the violation was "harmful, that is, it affected his 'substantial rights.'" *Irsan*, 708 S.W.3d at 606; Tex. R. App. P. 44.2(b).[6] Neither party has the burden to prove or disprove harm; instead, it is the responsibility of the reviewing court, once it concludes there was error, to determine whether the error affected the judgment. *Johnson v. State*, 43 S.W.3d 1, 5 (Tex. Crim. App. 2001) (en banc).

Courts have held that inadvertent comments suggesting that a crime was committed are not harmful. In *Irsan*, the trial judge remarked during voir dire, in the process of admonishing the venire panel not to do independent research, "At one time, there was quite a bit of publicity about the case. The case was unsolved for a couple of years. And then when it was solved, there was more publicity about it." *Irsan*, 708 S.W.3d at 605. "The comment was brief, the trial judge later emphasized the importance of the presumption of innocence." *Id.* at 607. In particular, the trial judge had the defendant stand and instructed the jury "[y]ou should see him now as an innocent person . . . Is there anyone who could not give Mr. Irsan that all-important presumption of

---

[6] Some cases recite two formulations of harmful error under Article 38.05: whether the comment is "reasonably calculated to benefit the State or prejudice the defendant's rights," and whether the comment "affect[ed] substantial rights." *Irsan v. State*, 708 S.W.3d 584, 606 (Tex. Crim. App. 2025) (citing *Proenza v. State*, 541 S.W.3d 786, 801 (Tex. Crim. App. 2017); Tex. R. App. P. 44.2. The analysis is the same. *See id.* The first formulation was adopted before the 1997 articulation of the harmful-error rule in Tex. R. App. P. 44.2. *Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003) (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (en banc) (explaining that the phrase "calculated to injure the rights of defendant" means "no more than that there must be *some* harm"); *see* 43B Tex. Prac. Criminal Practice And Procedure § 56:183 (review of harm under pre-1997 caselaw is "not as part of the error criterion but rather in harmless-error analysis to be conducted only after error is found").

innocence?" *Id.* at 605–06. The Court concluded, "All in all, the record does not show that the trial judge's off-the-cuff remark affected Appellant's substantial rights." *Id.* at 607. *See also Rodriguez v. State*, 728 S.W.3d 228, 232, 238 (Tex. App.—Houston [1st Dist.] May 8, 2025, pet. ref'd) (comment to venire that "when individuals stop breaking the law we might get caught up" was not harmful "in light of the whole record—which includes defense counsel's admission that this trial related to a crime, as well as the instructions from the trial court during voir dire and in the jury charge about the proper functioning of a trial").

Inadvertent comments regarding the "difficulty" of the case have also been found harmless. In one case, a trial judge's remark to the venire that "this is not going to be a big controversial case or anything, not in my opinion" was harmless where the judge instructed the jury at length on the presumption of innocence, both before and after the comment. *Rivera*, 2025 WL 3028898, at *1. However, a more extensive comment in a child pornography case did amount to reversible error. *Drake*, 465 S.W.3d at 762 (Tex. App.—Houston [14th Dist.] 2015, no pet.). There, the judge initially told the venire "there is a good chance that if you are on the jury, you are going to have to look at child pornography." It was undisputed that sexual abuse of a child had occurred and that the defendant had filmed it; the defendant merely contended that she was forced to participate. After one panel member stated she could not view child pornography on religious grounds, the judge had her arrested and admonished the rest of the panel that, based on the judge's experience as a former prosecutor, it was "difficult" to seat a jury in "these types of cases." *Id.* at 766. The judge stated, "if it grosses you out, then you can take it out on the person in punishment because it can't possibly gross you out more than it grossed out that child." *Id.*

Unlike those in *Drake*, the comments in the instant case are not as extensive but go further than "this is not going to be a big controversial case," as addressed in *Rivera*. 2025 WL 3028898,

at *1. Vidal was entitled to a presumption of innocence unclouded by the judge's view of the State's case, in particular M.N.'s testimony. The judge may have determined that such a preview was necessary to identify biased individuals, although he preempted defense counsel's ability to present such a preview without judicial commentary. *See Standefer v. State*, 59 S.W.3d 177, 182 (Tex. Crim. App. 2001) (voir dire properly includes previews of just enough facts to identify bias); *Spielbauer v. State*, 622 S.W.3d 314, 319 (Tex. Crim. App. 2021). As Vidal notes, the judge's comments may have set a negative "tone" at the beginning of trial. However, the record does not suggest the comments had a lasting impact. The State introduced evidence of sexual abuse over the course of a 7-day trial. Vidal does not dispute the sufficiency of that evidence on appeal. *See World Car Nissan v. Abe's Paint & Body, Inc.*, No. 04-12-00457-CV, 2013 WL 3963700, at *4 (Tex. App.—San Antonio July 31, 2013, pet. denied) (mem. op.) ("Considering the length of the trial, the amount of evidence presented, and the thorough voir dire questioning, it is improbable that the judge's vague story at the beginning of voir dire influenced the jury."). Based on our review of the trial transcript in its entirety, we conclude that the trial court's comments in voir dire were harmless.

### (3) No deprivation of constitutional rights

Vidal argues in the alternative that the trial court's comments violated his right to an impartial tribunal and destroyed the presumption of innocence. *See* U.S. Const. amend. V, XIV; Tex. Const. art. I, § 10. Vidal argues that violating this right is a "structural" error that defies harm analysis. *Abdygapparova v. State*, 243 S.W.3d 191, 209 (Tex. App.—San Antonio, 2007, pet ref'd) (citing *Arizona v. Fulminante*, 499 U.S. 279, 309 (1991)). But the Court of Criminal Appeals has applied the same harm analysis to unconstitutional comments as for non-constitutional errors. Tex. R. App. P. 44.2(b); *see Irsan*, 708 S.W.3d 607 (concluding "the trial judge's comment cannot

be said to have affected Appellant's substantial right to a presumption of innocence, it cannot be said to have 'effectively destroyed' that presumption"); *see Rodriguez*, 728 S.W.3d at 237) (explaining that harm analysis is "subsumed" in error analysis for due-process claims based on improper comments).

Accordingly, we conclude the trial court's comments were harmless and do not constitute reversible error. We overrule Vidal's first issue.

### III. DESIGNATION OF THE OUTCRY WITNESS

In his second issue, Vidal claims it was error for the trial court to designate M.N.'s mother A.N. as the outcry witness without foundation testimony that she was the first person who heard a description of the alleged offense.

#### A. Standard of review

Texas Code of Criminal Procedure Article 38.072(2)(a) governs the admissibility of an "outcry" statement and creates an exception to the hearsay rule. *Tear v. State*, 74 S.W.3d 555, 558–59 (Tex. App.—Dallas, 2002). "Though the terms do not appear in the statute, the [complaining witness's] out-of-court statement is commonly known as an 'outcry,' and an adult who testifies about the outcry is commonly known as an 'outcry witness.'" *Sanchez v. State*, 354 S.W.3d 476, 484–85 (Tex. Crim. App. 2011). The outcry witness must be the "first person, 18 years old or older, to whom the child makes a statement that in some discernible manner describes the alleged offense." *Garcia v. State*, 792 S.W.2d 88, 90–91 (Tex. Crim. App. 1990) (en banc). The outcry statement "must be more than words which give a general allusion that something in the area of child abuse was going on." *Id.* at 91.

**B. Analysis**

Vidal argues that A.N. failed to qualify as an outcry witness because she only testified that M.N. reported "inappropriate touching." As the State points out, A.N.'s testimony went far beyond that description. A.N. testified "I asked her if there was intercourse, and she said 'No' but that there was masturbation and oral." The State continued: "Q. Okay. Oral to who? A. To her. . . . He inserted his fingers . . . in my daughter." These statements described in some discernible manner the offense. *Garcia*, 792 S.W.2d at 90–91; *see* Tex. Penal Code Ann. 21.11, 22.021 (acts of sexual abuse of a child include any contact of the genitals of child and the mouth or genitals of another person). We overrule Vidal's second issue.

## IV. CLOSING ARGUMENT

In his third and fourth issues, Vidal complains of improper argument by the State. Vidal identifies five instances in which the prosecutor went outside the permitted categories of closing arguments. On review, however, we conclude these isolated instances do not constitute reversible error.

**A. Standard of review**

A prosecutor's statements "must fall within one of the following categories: (1) summary of the evidence; (2) reasonable deduction from the evidence; (3) in response to argument of opposing counsel; and (4) plea for law enforcement. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex. Crim. App. 1990) (en banc). This Court must review the trial court's rulings on objections to the proper scope of closing arguments for an abuse of discretion. *Milton v. State*, 572 S.W.3d 234, 240 (Tex. Crim. App. 2019). A prosecutor's improper comment during closing argument generally requires a timely objection at trial. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (en banc). However, serious and continuing prosecutorial misconduct may deprive a defendant of

fundamental fairness and due process of law, constituting a non-forfeitable error. *Bautista v. State*, 363 S.W.3d 259, 263 (Tex. App.—San Antonio 2012, no pet.).

## B. Analysis

Vidal points to one objected-to closing argument: the prosecutor's statement that defense character witnesses who testified that M.N. was untruthful and deceitful, and she failed to provide "any explanation as to why." Vidal did object that "under the Rules I'm not allowed to get into specific instances of conduct where reputation or opinion is in so by law I cannot get into it." The judge sustained the objection. The State does not dispute that the statement was an improper argument. Vidal argues this statement along with four unobjected-to, improper arguments constituted prosecutorial misconduct requiring reversal. We address each of those arguments separately as to whether they were improper in isolation before considering whether they amounted to prosecutorial misconduct.

Vidal complains that, during the guilt/innocence phase of trial, the prosecutor suggested that Vidal should have admitted he was guilty by stating: "[h]e hasn't accepted responsibility with regard to [M.N.]." "Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." Tex. Code Crim. Pro. Ann. art. 38.08. Here, however, the State points out that the prosecutor only made this statement in the punishment stage, and Vidal failed to timely object during trial. We agree that Vidal failed to preserve error. *See* Tex. R. App. P. 33.1(a) (requiring a party to make a timely request, objection, or motion stating grounds that sufficiently provide notice to the trial court).

But even if we assume he preserved error, we conclude the language can be reasonably construed as an indirect allusion and not a clear reference to Vidal's failure to testify. The Court of

Criminal Appeals has instructed that "[i]n assessing whether the defendant's Fifth Amendment right has been violated, courts must view the State's argument from the jury's standpoint and resolve any ambiguities in the language in favor of it being a permissible argument." *Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011). Specifically, the test is "whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Id*. Here, in context, the statement was made in reference to Vidal presenting what amounted to an alibi defense, asserting that the evidence showed the busy household prohibited him from being able to sexually abuse M.N. As *Randolph* instructs, "comments about the failure to testify are permissible if they are a 'fair response' to the defendant's claims or assertions." *Id*.

Vidal next complains the prosecutor stated that Vidal "like most child molesters is controlling," impermissibly referring to facts not in evidence. Vidal cites *Lopez v. State*, No. 05-21-00989- CR, 2023 WL 2806254, at *2–3 (Tex. App.—Dallas Apr. 6, 2023, no pet.) (mem. op., not designated for publication) for the proposition that as a factual matter "pedophiles don't 'age out.'" In response, the State characterizes this comment as an implicit reference to a previous question by the prosecutor during voir dire asking whether sex offenders control the circumstances of abuse and the evidence left behind and to previous testimony by a character witness that sex offenders assault children "behind closed doors." Neither of those prior statements provide evidentiary support for the State's argument that Vidal showed controlling behavior similar to most child molesters. We agree this statement was not a proper argument.

Vidal also complains the prosecutor vouched for M.N.'s credibility and bolstered the State's case by stating that M.N.'s "[t]ruth has been the same over and over"; that her "truth has never changed;" and that, after M.N. testified, defense counsel "were horrified because what she

16

said was so true." A prosecutor may argue that witnesses' testimony is truthful based on evidence presented and reasonable deductions from such evidence. *Hinojosa v. State*, 433 S.W.3d 742, 763 (Tex. App.—San Antonio 2014, pet. ref'd). But a "prosecutor may not inject his [or her] personal opinion of a witness's credibility during closing argument," *Mosley v. State*, 666 S.W.3d 670, 674 (Tex. Crim. App. 2023), and such argument may be reversible error "when the credibility of the witness was critical to the trial,." *Ex Parte Aguilar*, No. AP-75,526, 2007 WL 3208751, at *12 (Tex. Crim. App. Oct. 31, 2007). Whether arguments as to truthfulness express personal opinions rather than reasonable deductions from testimony can be a close call. *Compare Simons v. State*, 648 S.W.2d 21, 22 (Tex. App.—Dallas 1983, no pet.) (rejecting statement that police officers "were telling you the truth about the way [the defendant] was driving"), *with Gonzalez v. State*, 337 S.W.3d 473, 483 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) ("When she told you that she was violated by that man, by [appellant] in his car on September 13th, 2007, that was the truth."). Here, the prosecutor's comments mentioning M.N.'s "truth" and the comment about defense counsel being horrified because "what she said was so true" are closer to vouching for the witness. These comments also constitute improper argument.

Vidal next complains the prosecutor struck at him over the shoulders of defense counsel by stating that counsel "twisted what was actually said on the stand," "wasted your time," and "coached" a witness for hours, and stated that a defense character witness was "unethical." Prosecutors may not call defense counsel's credibility into question. *Mosley v. State*, 983 S.W.2d 249, 258–59 (Tex. Crim. App. 1998). A prosecutor improperly strikes at the defendant over defense counsel's shoulders by accusing counsel of improper conduct in an attempt to prejudice the jury against the defendant. *Phillips v. State*, 130 S.W.3d 343, 355 (Tex. App.—Houston [14th Dist.]

17

2004, pet. ref'd) (op. on reh'g). Accusing defense counsel of coaching witnesses is not a permissible arguments for a prosecutor. *See Borjan*, 787 S.W.2d at 55.

We conclude that the prosecutor made several comments at closing that fell outside the four categories of permissible argument. *Id.* However, the record shows these comments were each contained within other permissible arguments. The State's closing argument consisted largely of a summary of the testimony at trial. *Id.* We conclude that the isolated statements did not constitute prosecutorial misconduct and were not harmful. *Bautista*, 363 S.W.3d at 263; Tex. R. App. P. 44.2(b). We overrule Vidal's third and fourth issues.

## V. EXCLUSION OF EVIDENCE

In his fifth, sixth, and seventh issues, which are briefed together, Vidal argues that the trial court erred in excluding evidence that the complainant told other people her first sexual experience was with her boyfriend in 2020, contradicting her testimony that she was sexually abused in 2012 to 2014. Vidal argues the trial court both abused its discretion and violated his right to present witnesses and to confront witnesses.

The State counters by pointing out that Vidal failed to preserve error by failing to "develop any testimony on this issue" and the trial court "told [Vidal] to call his witness and yet [Vidal] did nothing." In his reply, Vidal argues that the trial court "clearly understood the issue being raised, the [S]tate responded to the defense's request to admit this evidence, and the judge ruled against Appellant both orally and wrote on Appellant's memorandum that the request was denied." While we agree with Vidal that he did preserve his complaint for review, nonetheless, we conclude that the trial court did not err in excluding the evidence.

### A. Standard of review

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). We do not reverse the trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *Id.* In applying the abuse of discretion standard, we may not reverse a trial court's admissibility decision solely because we disagree with it. *See Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). We will not disturb a trial court's evidentiary ruling if it is correct on any theory of law applicable to that ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

If the trial court has abused its discretion by admitting or excluding evidence, any error not affecting substantial rights must be disregarded. Tex. R. App. P. 44.2(b). In determining whether Vidal was harmed by the erroneous admission or exclusion of evidence, we consider the following: (1) the character of the alleged error and how it might be connected to other evidence; (2) the nature of the evidence supporting the verdict; (3) the existence and degree of additional evidence showing guilt; and (4) whether the State emphasized the complained-of error. *Bagheri v. State*, 119 S.W.3d 755, 762–63 (Tex. Crim. App. 2003)).

If the trial court's erroneous exclusion of evidence rises to the level of a deprivation of the right to present a defense and to confront and cross-examine witnesses, *see* U.S. Const. amend. VI, XIV, the burden of showing harm is flipped, *see* Tex. R. App. P. 44.2(a) (providing that constitutional error requires reversal of a judgment of conviction unless court determines beyond a reasonable doubt that the error did not contribute to the conviction).

### B. Error was preserved

To preserve error, the record must show (1) a timely request, objection or motion stating grounds for a ruling with sufficient specificity to make the trial court aware of the complaint, and

(2) an express or implicit ruling or refusal to rule. Tex. R. App. P. 33.1. It is undisputed that the trial court expressly denied an oral and written request by Vidal to introduce evidence that M.N. had told her brothers and a neighbor that her first sexual experience was in 2020 with her then boyfriend. The court denied the request both orally and in writing. The State argues only that Vidal failed to preserve the issue because he "did nothing" after the court denied the request orally and in writing, such as by recalling M.N. to introduce the evidence. The premise of the State's argument is that Appellant was required to re-argue the same issue in front of the jury to preserve error.

When a trial court rules against an appellant's request, objection, or motion, further action is generally not required to preserve a complaint for appellate review. *Sauceda v. State*, 129 S.W.3d 116, 121 (Tex. Crim. App. 2004) (en banc) (citing Tex. R. App. P. 33.1). Even if the trial judge denies a motion outside the presence of the jury to present evidence in a certain way, the defendant is not required to seek to introduce the same evidence another way or to re-urge the request to demonstrate that the trial court did not change its mind. *Id.* In *Sauceda*, the Court held that error was preserved when, after the defense indicated to the trial court that it planned to call a caseworker to testify to specific statements in a videotaped interview, the trial court ruled, over the defense's objection, that the entire videotape would come in. *Id.* at 119. The Court held the choice not to present the excerpts of testimony did not waive error because the trial court had already addressed the matter and "[i]t was unlikely that the judge would have changed her ruling after this time." *Id.* at 121.

Because the trial court expressly denied Vidal's request to introduce evidence as to M.N.'s sexual history, he was not required to take further action to preserve error. We conclude that issues three, four, and five were preserved. We next consider whether the trial court's ruling was erroneous.

20

**C. Applicable law**

The Texas Rules of Evidence permit the defense or prosecution to offer evidence of other acts to establish a motive, such as for making a false allegation. Tex. Evid. R. 404(b)(2); *Johnson v. State*, 490 S.W.3d 895, 910–11 (Tex. Crim. App. 2016). Rule 412 specifically addresses the admissibility of evidence of a complaining witness's past sexual behavior. Such evidence is admissible if it relates to motive or bias of the complaining witness or is "constitutionally required to be admitted," and if "the probative value of the evidence outweighs the danger of unfair prejudice." Tex. Evid. R. 412. Evidence covered by Rule 12 is "constitutionally required" when it implicates the defendant's right to present a defense. *Potier v. State*, 68 S.W.3d 657, 660 (Tex. Crim. App. 2002) (en banc). The right to present a complete defense is rooted in multiple constitutional provisions. *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) ("Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'"). A trial court's exclusion of evidence offered by the defense is unconstitutional if it excludes evidence that "forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense." *Potier*, 68 S.W.3d at 659–62, 665.

**D. Analysis**

Vidal contends the trial court erred by excluding admissible testimony that in 2020 M.N. told her brothers and a neighbor that she had her "first sexual experience" with a boyfriend whom she dated from 2019–2020, after the alleged acts of sexual abuse in 2015–2017. Vidal argues the testimony would show "M.N. provided two narratives, one that claimed Appellant sexually

assaulted her in 2012 through 2014 and another where she claimed her first sexual experience was in 2020."

Vidal has not shown how the testimony satisfied the threshold requirements for admission of evidence of a complainant's sexual history. A proponent of evidence must lay a proper foundation establishing the preliminary facts necessary for admissibility. Tex. Evid. R. 104(a). Foundation includes establishing relevance, authentication, witness competence, personal knowledge, and satisfaction of a hearsay exception. *Id.* R. 401, 601, 602, 803, 901. Relevance requires that offered evidence have any tendency to make a fact of consequence more or less probable. *Id.* R. 401. Here, M.N. allegedly stated that she had her "first sexual experience" with a boyfriend she dated after the time of the alleged sexual abuse. In context, the statement does not appear to be inconsistent or relevant. Even if the statement were relevant, Vidal has not shown how he could have properly introduced it into evidence.

Evidence must be authenticated or introduced through a proper witness. *Id*. R. 601, 602, 901. A fact witness must have personal knowledge of the matter about which they testify. *Id*. R. 602. Hearsay is inadmissible unless an exception applies. *Id*. R. 802. The record indicates that Vidal initially sought to introduce M.N.'s out-of-court statement through live testimony from her brother and another witness. Vidal has not identified a hearsay exception. *Reyna v. State*, 168 S.W.3d 173, 178 (Tex. Crim. App. 2005) ("[I]n order to have evidence admitted under a hearsay exception, the proponent of the evidence must specify which exception he is relying upon."). Vidal also sought to impeach M.N. with the statement as a prior inconsistent statement, but the court held it was not inconsistent and that she could not be recalled absent additional testimony of inconsistency. As Vidal acknowledged, eliciting testimony from a sexual-assault complainant about her prior sexual history would directly implicate Tex. R. Evid. 412.

Rule 412 is a "rape shield" law intended to shield a sexual-assault complainant from the introduction of highly embarrassing, prejudicial, and irrelevant evidence of prior sexual behavior. *Johnson*, 490 S.W.3d at 910–11. The rule prohibits admission of a sexual assault complainant's past sexual behavior unless it falls within five exceptions: (1) it is necessary to rebut or explain scientific or medical evidence offered by the State; (2) it concerns past sexual behavior with the accused and is offered by the accused upon the issue of whether the complainant consented to the sexual behavior which is the basis of the offense charged; (3) it relates to the motive or bias of the complainant; (4) it is admissible under rule 609; or (5) it is constitutionally required to be admitted. Tex. R. Evid. 412(d)(2)(B). The proponent of the evidence also bears the burden to show the probative value of the evidence outweighs the unfair prejudice of admitting it, *see id.*, reversing the ordinary burden, *id*. R. 403. "Past" sexual behavior includes sexual behavior occurring before trial, not merely behavior occurring before an alleged sexual assault. *Cuyler v. State*, 841 S.W.2d 933, 936 (Tex. App.—Austin 1992, no pet.).

Vidal argues the excluded testimony fell under the exception for sexual history that is "constitutionally required" to be admitted, Tex. R. Evid. 412(d)(2)(B). The Court of Criminal Appeals has held sexual history is constitutionally required to be admitted where it establishes motive to assert false allegations in sexual assault cases. *Johnson*, 490 S.W.3d at 910–11. The constitutional exception to Rule 412 does not provide a basis to introduce inadmissible hearsay. *Kennedy v. State*, 184 S.W.3d 309, 315 (Tex. App.—Texarkana 2005, pet. ref'd); *see Burks v. State*, 40 S.W.3d 698, 700 (Tex. App.—Waco 2001, no pet.) (trial court properly refused to admit handwritten note by complainant boasting of prior sexual encounter with unidentified boy). The parties have not cited authority regarding admissibility under Rule 412 solely to impeach a complainant on the basis of a prior inconsistent statement. *Cf. id.* 412(d)(2)(B)(i)–(iv) (only listing

exceptions for motive, bias, rebuttal of medical evidence, and untruthfulness based on criminal conviction).

Assuming hearsay regarding sexual history is admissible as a prior inconsistent statement, Vidal must show he satisfied his burden under Rule 412 to establish that its probative value outweighed the danger of unfair prejudice. Tex. Evid. R. 412(d)(2)(C). Vidal introduced numerous character witnesses to discredit M.N.'s truthfulness and suggest that her story was not plausible. *See Lewis v. State*, 693 S.W.3d 453, 470 (Tex. App.—Houston [14th Dist.] 2023, pet. ref'd) (concluding that the probative value of complainant's sexual history was outweighed by prejudice where appellant presented character evidence from three witnesses that she was not truthful); *cf. Brambila v. State*, No. 13-15-00082-CR, 2016 WL 7242847, at *10 (Tex. App.—Corpus Christi–Edinburg Dec. 15, 2016, pet. ref'd) (mem. op., not designated for publication)(trial court properly ruled that defendant could ask complainant's cousin whether complainant lied about prior sexual intercourse, but only for the week before alleged assault, and could not ask cousin whether complainant feared she was pregnant by her boyfriend, where jury heard extensive testimony that the complainant was not a truthful person). We conclude that Vidal has not shown that admission of evidence as to M.N's sexual history was constitutionally required.

We conclude the trial court did not abuse its discretion by refusing to allow testimony as to M.N.'s prior sexual experience. We overrule Vidal's third, fourth, and fifth issues.

## VI. CONCLUSION

Having overruled all of Vidal's issues, we affirm the trial court's judgment.


GINA M. PALAFOX, Justice

24

March 24, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)